Exhibit A

## MASTER SETTLEMENT AGREEMENT

This Master Settlement Agreement, dated October 31, 2006 (the "Master Settlement Agreement"), is by and among FINOVA, the Thaxton Debtors, the Committee, the Proposed Class Representative on behalf of the Proposed Class, and the Additional Defendants. All capitalized terms used herein shall have the meaning set forth in Section I of this Master Settlement Agreement.

## RECITALS

WHEREAS, on April 4, 2001, FINOVA and the Thaxton Borrowers entered into the Loan Agreement and certain Loan Documents;

WHEREAS, pursuant to the Loan Agreement and Loan Documents, the Thaxton Borrowers granted FINOVA the FINOVA Liens to secure their joint and several obligations under the Loan Agreement;

WHEREAS, on October 16, 2003, Earle B. Gregory and certain other plaintiffs filed the Gregory Putative Class Action in the Court of Common Pleas of Lancaster County, South Carolina;

WHEREAS, on the Petition Date, each of the Thaxton Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Delaware Bankruptcy Court;

WHEREAS, on November 14, 2003, FINOVA removed the Gregory Putative Class Action to the South Carolina District Court;

WHEREAS, on November 25, 2003, Thomas Moore and certain other plaintiffs filed the Moore Action in the South Carolina District Court;

WHEREAS, on December 3, 2003, Grant Hall and certain other plaintiffs filed the Hall Action in the Superior Court for Mecklenberg County, North Carolina;

WHEREAS, on December 2, 2003, FINOVA filed the Bankruptcy Injunction Action;

WHEREAS, on December 3, 2003, Sam Jones Wood and certain other plaintiffs filed the Wood Action in the Superior Court for Gwinnett County, Georgia;

WHEREAS, on January 5, 2004, FINOVA removed the Hall Action to the North Carolina District Court, and the Wood Action to the Georgia District Court;

WHEREAS, on January 9, 2004, Charles Shope and certain other plaintiffs filed the Shope Action in the Ohio District Court;

WHEREAS, on March 24, 2004, the Committee filed the Adversary Proceeding against FINOVA, and the Committee Substantive Consolidation Motion in the Delaware Bankruptcy Court;

WHEREAS, on June 18, 2004, the JPML issued an order transferring the Hall Action, the Wood Action and the Shope Action to the South Carolina District Court for coordinated pre-trial proceedings with the Gregory Putative Class Action and the Moore Action;

WHEREAS, on June 24, 2004, the Adversary Proceeding was removed to the Delaware District Court;

WHEREAS, on August 3, 2004, the JPML issued an order transferring the Adversary Proceeding to the South Carolina District Court as a "tag-along" proceeding for coordinated pre-trial proceedings with the Gregory Putative Class Action, the Moore Action, the Hall Action, the Wood Action, and the Shope Action;

WHEREAS, on August 16, 2004, the Thaxton Debtors filed the Thaxton Debtors' Substantive Consolidation Motion;

WHEREAS, during September and October 2004, the Delaware Bankruptcy Court conducted a four day trial on the Substantive Consolidation Request;

WHEREAS, on June 8, 2005, the South Carolina District Court issued its Gregory Class Certification Order in the Gregory Putative Class Action;

WHEREAS, on March 14, 2006, the Fourth Circuit entered an order reversing the Gregory Class Certification Order;

WHEREAS, on March 20, 2006, the South Carolina District Court issued its Partial Summary Judgment Order in the Adversary Proceeding;

WHEREAS, on March 23, 2006, FINOVA filed the Summary Judgment Appeal with the Fourth Circuit, which appeal remains pending as of the date hereof;

WHEREAS, on May 19, 2006, the South Carolina District Court issued its Injunction Denial Order;

WHEREAS, on May 24, 2006, FINOVA filed the Injunction Appeal with the Fourth Circuit, which appeal remains pending as of the date hereof;

WHEREAS, on June 8, 2006, certain Proposed Class Members filed the Society Action in the South Carolina District Court;

WHEREAS, on September 6, 2006, the JPML entered an order referring the Hall Action back to the North Carolina District Court, the Wood Action back to the Georgia District Court, and the Shope Action back to the Ohio District Court;

WHEREAS, on September 6, 2006, the JPML entered an order referring the Adversary Proceeding back to the Delaware District Court;

WHEREAS, on September 11, 2006, the Delaware Bankruptcy Court entered the Stipulated Thaxton Trust Account Order;

WHEREAS, Proposed Class Counsel has informed FINOVA and the Additional Defendants that it intends to seek certification of the Proposed Class in the Gregory Putative Class Action in the South Carolina District Court;

WHEREAS, in connection with the Litigation, the Committee and the Proposed Class have alleged that FINOVA and the Additional Defendants are liable to the Proposed Class Members in connection with the sale of Thaxton Notes by certain Thaxton Debtor Parties to the Proposed Class Members;

WHEREAS, FINOVA and the Additional Defendant Parties deny all such allegations and any liability to any of the Proposed Class Members, the Thaxton Debtor Parties, any other creditors of the Thaxton Debtor Parties, or the Committee;

WHEREAS, the Additional Defendants and certain of the Additional Defendant Parties have indicated their intent to assert indemnity claims against FINOVA in connection with the Litigation;

WHEREAS, the Parties, having taken into account, through their counsel, the risks, delay, and difficulties involved in establishing liability and non-liability and the further expense, burden and uncertainty of continuing the Litigation, wish to settle and dismiss the Litigation on the terms and conditions set forth herein;

NOW, THEREFORE, in resolution of the entirety of the Litigation, and for other good and valuable consideration received, the Parties hereby agree to compromise and settle the Litigation on the terms and conditions set forth herein.

## I.    DEFINITIONS

Additional Defendant Parties. Collectively: (a) the Additional Defendants; (b) all of the current and former affiliate companies of the Additional Defendants; and (c) all of the current and former (i) parents, subsidiaries, predecessors, successors and assigns, officers, directors, executors, administrators, agents, partners, shareholders, members,

insurers, affiliated persons or entities, attorneys, other professionals, and employees of (ii) any of (a) or (b).

Additional Defendants.   Collectively: (a) FINOVA Group; (b) Berkadia Equity Holdings, LLC, a Delaware limited liability company; (c) Berkadia Management, LLC, a Delaware limited liability company; (d) Berkshire Hathaway, Inc., a Delaware corporation; (e) Leucadia National Corporation, a New York corporation; (f) Thomas Mara, a natural person and resident of the State of New Jersey; (g) Berkadia, LLC, a Delaware limited liability company; (h) Berkadia II, LLC, a Delaware limited liability company; and (i) BH Finance, LLC, a Nebraska limited liability company.

Additional Thaxton Entities.   Collectively: (a) Covington Credit of Alabama, Inc.; (b) TICO Reinsurance, Ltd.; (c) Fitch National Reinsurance, Ltd.; and (d) SoCo Reinsurance, Ltd.

Adversary Proceeding.   That certain proceeding originally filed by the Committee, on behalf of the Thaxton Debtors, in the Delaware Bankruptcy Court against FINOVA styled *The Official Committee of Unsecured Creditors of the Thaxton Group, Inc. v. FINOVA Capital Corporation*, Adversary No. 04-53129, and currently pending in the Delaware District Court as Case No. 04-CV-0476, and with respect to Count XII, in which judgment has been entered by the South Carolina District Court, which proceeding seeks, *inter alia*, to disallow FINOVA's Claims under the Loan Documents.

Argo.   Collectively: (a) Argo Partners, LLC, a Delaware limited liability company; and (b) all of its current and former affiliate companies, parents, subsidiaries, predecessors, successors and assigns, current and former officers, directors, executors, administrators, agents, partners, shareholders, members, insurers, affiliated companies, attorneys, other professionals, and employees.

ASM.   Collectively: (a) ASM Capital, L.P., a Delaware limited partnership; (b) ASM Capital II, L.P., a Delaware limited partnership; (c) ASM Capital Acquisition Thaxton G.P., a Delaware general partnership; and (d) all of the current and former affiliate companies, parents, subsidiaries, predecessors, successors and assigns, current and former officers, directors, executors, administrators, agents, partners, shareholders, members, insurers, affiliated companies, attorneys, other professionals, and employees of any of the foregoing.

Avoidance Actions.   Any and all Claims of any of the Thaxton Debtors arising under any section of chapter 5 of the Bankruptcy Code, including, without limitation, Bankruptcy Code §§ 502, 510, 541, 542, 543, 544, 545, 547, 548, 549, 550, 551 and 553.

Bankruptcy Injunction Action.   That certain proceeding, filed and currently pending in the Delaware Bankruptcy Court styled *FINOVA Capital Corporation v. Gregory, et. al.*, Adversary No. 03-59270.

4

Business Day. Any day, other than a Saturday, Sunday, or federal holiday, in which commercial banks are open for business to the public in Wilmington, Delaware.

Claims. Any and all claims (including, without limitation, bankruptcy claims), controversies, actions, causes of actions, demands, torts, damages, costs, attorneys' fees, moneys due on account, obligations, judgments or liabilities of any kind whatsoever in law or equity, arising out of agreement or imposed by statute, common law or otherwise, from the beginning of time to the Effective Date, whether or not known now, anticipated, unanticipated, suspected or claimed, fixed or contingent, whether yet accrued or not, and whether damage has resulted from such or not.

Claims Trader. Any Proposed Class Member that purchased from a Note Seller, was transferred by a Note Seller, or was assigned by a Note Seller all or any portion of: (1) a Thaxton Note or a claim related thereto; or (2) any litigation rights related to a Thaxton Note or a claim related thereto, including, without limitation, any claims or causes of action against FINOVA, any of the Additional Defendant Parties, or any of the Thaxton Debtor Parties; provided, however, that the fact that a person or entity has purchased, was transferred, or was assigned any of the foregoing solely as a result of the death of the transferor shall not make such person or entity a Claims Trader with respect to such purchased, transferred, or assigned rights. For purposes of clarification, each of ASM, Argo, and Regent is a Claims Trader.

Class Notice. That certain Class Notice attached hereto as Exhibit 1, or such other class notice that: (a) explains the right to opt out by filing an Opt Out Request, how to complete, file and serve such Opt Out Request, and the effects of doing so; (b) explains the right to opt out and provide an Independent Release, how to obtain and complete, file and serve the Independent Release, and the effects of doing so; (c) explains the right of Note Sellers to file a Note Seller Notice Of Intent To Assert Claim Form, how to obtain and complete, file and serve the Note Seller Notice Of Intent To Assert Claim Form, and the effects of doing so; and (d) is in form and substance acceptable to each of the Parties, in its sole and absolute discretion.

Class Notice Mailing Date. The second Business Day on or after the date on which the Preliminary Class Settlement Approval Order is entered.

Committee. The Official Committee of Unsecured Creditors in the Thaxton Debtors' Bankruptcy Cases.

Committee Parties. The Committee, its current and former members, and its attorneys and other professionals.

Committee Substantive Consolidation Motion. That certain motion, filed March 24, 2004 by the Committee in the Delaware Bankruptcy Court, seeking substantive consolidation of the estates of the Thaxton Debtors in the Thaxton Debtors' Bankruptcy Cases.

**Delaware Bankruptcy Court.** The United States Bankruptcy Court for the District of Delaware.

**Delaware District Court.** The United States District Court for the District of Delaware.

**Disclosure Statement.** The disclosure statement that relates to the Plan and is prepared in accordance with section 1125 of the Bankruptcy Code and Rule 3018 of the Federal Rules of Bankruptcy Procedure, as such disclosure statement may be amended, modified or supplemented (and all exhibits and schedules annexed thereto or referred to therein), and is approved by the Delaware Bankruptcy Court.

**Disclosure Statement Order.** An order approving the Disclosure Statement with respect to the Plan that is in form and substance acceptable to each of the Parties, in its sole and absolute discretion.

**Dismissal Orders.** Collectively, the following orders dismissing with prejudice as of the Effective Date the following actions, all of which orders are in form and substance acceptable to each of the Parties in its sole and absolute discretion: (1) by both the South Carolina District Court and the Delaware District Court, the entirety of the Adversary Proceeding, including Count XII thereof; (2) by the Delaware Bankruptcy Court, the Bankruptcy Injunction Action; (3) by the South Carolina District Court, the Gregory Putative Class Action; (4) by the North Carolina District Court, the Hall Action; (5) by the Fourth Circuit, the Injunction Appeal; (6) by the South Carolina District Court, the Moore Action; (7) by the Ohio District Court, the Shope Action; (8) by the Fourth Circuit, the Summary Judgment Appeal; and (9) by the Georgia District Court, the Wood Action.

**Effective Date.** The definition of the term "Effective Date," as set forth in the Plan, or such other effective date that is agreed to by each of the Parties, in its sole and absolute discretion, by giving written notice of such agreement to each of the other Parties in accordance with Section VII.D of this Master Settlement Agreement.

**Final Class Settlement Approval Order.** An order in the Gregory Putative Class Action finally approving the Master Settlement Agreement that is in form and substance acceptable to each of the Parties, in its sole and absolute discretion.

**Final Order.** An order or judgment that has not been reversed, modified, or amended, and as to which: (a) the time to appeal or seek review has expired and no timely filed appeal or petition for review, rehearing, remand or *certiorari* is pending; or (b) any appeal taken or petition for *certiorari* filed has been resolved by the highest court to which the order or judgment was appealed or from which *certiorari* was sought, provided, however, that the possibility that a motion under Rule 60 of the Federal Rules of Civil Procedure, or any analogous rule under the Federal Rules of Bankruptcy Procedure

or other rules governing procedure in cases before the relevant court, may be filed with respect to such order shall not cause such order not to be a Final Order.

FINOVA. FINOVA Capital Corporation, a Delaware corporation.

FINOVA Bankruptcy Case. The bankruptcy case of FINOVA, filed on March 7, 2001, and currently pending in the Delaware Bankruptcy Court as Case No. 01-00698.

FINOVA Claims. Collectively, all Claims held by FINOVA against the Thaxton Debtor Parties or their respective assets, including, without limitation, all Claims arising out of: (a) the Loan Agreement; (b) any of the Loan Documents; or (c) the TLP Settlement Order.

FINOVA Group. FINOVA Group Inc., a Delaware corporation.

FINOVA Liens. The liens granted to FINOVA by the Thaxton Borrowers pursuant to the Loan Agreement and the Loan Documents.

FINOVA Settlement Approval Order. An order in the FINOVA Bankruptcy Case: (a) approving FINOVA's entry into the Master Settlement Agreement and its terms under Rule 9019 of the Federal Rules of Bankruptcy Procedure as in the best interests of FINOVA and its creditors, in form and substance acceptable to each of the Parties, in its sole and absolute discretion; and (b) that is otherwise in form and substance acceptable to each of the Parties, in its sole and absolute discretion.

Fourth Circuit. The United States Court of Appeals for the Fourth Circuit.

Garrett. James Garrett, a natural person and resident of the state of North Carolina.

Georgia District Court. The United States District Court for the Northern District of Georgia.

Gregory Class Certification Order. That certain order, dated June 8, 2005, entered by the South Carolina District Court, certifying a class of noteholders of TGI in the Gregory Putative Class Action.

Gregory Putative Class Action. That certain action, originally filed in the Court of Common Pleas of Lancaster County, South Carolina against FINOVA and certain other defendants styled *Gregory, et al. v. FINOVA Capital Corporation, et al.*, Case No. 2003-CP-29-697, and subsequently pending in the South Carolina District Court as Case No. 03-CV-03604.

Hall Action. That certain action originally filed in the Superior Court for Mecklenberg County, North Carolina against FINOVA and certain other defendants

styled *Hall, et al. v. FINOVA Capital Corporation, et al.*, Case No. 03-CVS-20572, and currently pending in the North Carolina District Court as Case No. 04-00003.

Independent Processing Agent. Berdon Claims Administration, LLC.

Independent Release. That certain Independent Release attached hereto as Exhibit 2.

Independent Release Date. The Opt Out Date.

Injunction Appeal. That certain appeal of the Injunction Denial Order filed with the Fourth Circuit by FINOVA and currently pending.

Injunction Denial Order. That certain order, dated May 19, 2006, denying FINOVA's motion for the entry of an order enjoining the Gregory Putative Class Action and the Moore Action from proceeding against FINOVA until the completion of the Adversary Proceeding.

JPML. The Judicial Panel on Multidistrict Litigation.

Litigation. Collectively: (a) the Adversary Proceeding; (b) the Bankruptcy Injunction Action; (c) the FINOVA Claims and FINOVA Liens; (d) the Gregory Putative Class Action; (e) the Hall Action; (f) the Injunction Appeal; (g) the Moore Action; (h) the Shope Action; (i) the Society Action; (j) the Substantive Consolidation Request; (k) the Summary Judgment Appeal; (l) the Wood Action; (m) all disputes as to the right to funds in the Thaxton Debtors' Trust Account; (n) all Claims of (i) any of the Thaxton Debtor Parties, any member of the Proposed Class, and the Committee against (ii) FINOVA or any of the Additional Defendant Parties; and (o) all Claims of (i) the Committee or any member of the Proposed Class against (ii) any of the Thaxton Debtors.

Loan Agreement. That certain Third Amended And Restated Loan And Security Agreement dated as of April 4, 2001 by and between FINOVA and certain of the Thaxton Borrowers, as subsequently amended, modified, or supplemented to date.

Loan Documents. The "Loan Documents," as that term is defined in the Loan Agreement (including, without limitation, the Stipulated Thaxton Trust Account Order and all cash collateral, sale, and escrow orders entered in the Thaxton Debtors' Bankruptcy Cases), all as subsequently amended, modified, or supplemented to date.

Moore Action. That certain action, filed in the South Carolina District Court against FINOVA and certain other defendants styled *Moore, et al. v. FINOVA Capital Corporation, et al.*, Case No. 03-CV-03724.

North Carolina District Court. The United States District Court for the Western District of North Carolina.

Note Seller. Any Proposed Class Member that sold, transferred, or assigned all or any portion of his, her or its: (1) Thaxton Note or a claim related thereto; or (2) any litigation rights related to a Thaxton Note or a claim related thereto, including, without limitation, any claims or causes of action against FINOVA, any of the Additional Defendant Parties, or any of the Thaxton Debtor Parties; provided, however, that any person that sold, transferred, or assigned any of the foregoing solely as a result of such person's death shall not be a considered a Note Seller.

Note Seller Claim. Any Claim asserted by a Note Seller.

Note Seller Intent To Assert Claim Form. That certain Note Seller Intent To Assert Form Claim Form attached hereto as Exhibit 3, which Note Seller Intent To Assert Claim Form allows each Note Seller to assert that it is entitled to receive some or all of the consideration that FINOVA and the Thaxton Debtors are providing pursuant to this Master Settlement Agreement and/or the Plan.

Note Seller Notice Date. 5:00 P.M. prevailing Eastern time on the second (2nd) Business Day prior to the Opt Out Date, or such other date and time selected by the Delaware Bankruptcy Court that is acceptable to each of the Parties, in its sole and absolute discretion.

Ohio District Court. The United States District Court for the Southern District of Ohio.

Opt Out Amount. In the aggregate, six ($6) million in claims of Proposed Class Members; provided, however, that, for purposes of calculating the Opt Out Amount, the claims of Proposed Class Members that execute an Independent Release in accordance with Section III.C.4.(a) of this Master Settlement Agreement shall not be included in calculating the Opt Out Amount.

Opt Out Date. 5:00 P.M. prevailing Eastern time on the first Business Day on or after the fortieth (40th) day following the date on which the Preliminary Class Settlement Approval Order is entered, or such other date and time selected by the South Carolina District Court that is acceptable to each of the Parties, in its sole and absolute discretion.

Opt Out Request. A statement from a Proposed Class Member that such Proposed Class Member wishes to opt out of the Proposed Class.

Order Vacating Partial Summary Judgment Order. An order vacating in its entirety the Partial Summary Judgment Order as of the Effective Date that is in form and substance acceptable to each of the Parties, in its sole and absolute discretion.

Partial Summary Judgment Order. That certain order, dated as of March 20, 2006, granting the Committee's motion for summary judgment on Count XII of its complaint in the Adversary Proceeding.

Parties. FINOVA Capital Corporation, the Thaxton Debtors, the Committee, the Proposed Class Representative on behalf of the Proposed Class, and the Additional Defendants.

Petition Date. October 17, 2003.

Plan. A plan (or plans) of reorganization of the Thaxton Debtors that: (a) reflect(s) the provisions of this Master Settlement Agreement; and (b) is/are in form and substance acceptable to each of the Parties, in its sole and absolute discretion.

Plan Confirmation Order. An order (or orders) confirming the Plan that is/are in form and substance acceptable to each of the Parties, in its sole and absolute discretion.

Preliminary Class Settlement Approval Order. An order in the Gregory Putative Class Action that approves this Master Settlement Agreement, certifies the Proposed Class in the Gregory Putative Class Action (subject in all cases to Sections V and VI.B of this Master Settlement Agreement), provides that the Class Action Fairness Act does not apply, provides that the South Carolina District Court is willing to consider vacating the Partial Summary Judgment Order, and is in form and substance acceptable to each of the Parties, in its sole and absolute discretion.

Proposed Class. Collectively: (1) each person or entity that purchased any Thaxton Note or other rights or claims arising from a Thaxton Note at any time from any person or entity, including, without limitation, any Note Sellers and any Claims Traders; and (2) each person or entity that, as of the date hereof and/or the Effective Date, holds any other unsecured Claim against any of the Thaxton Debtor Parties.

Proposed Class Member. Any person or entity that is a member of the Proposed Class.

Proposed Class Representative. John C. Tibbs, as proposed representative for the Proposed Class.

Proposed Class Counsel. Collectively: (a) Bagnell and Eason, LLC; and (b) McGowan, Hood, Felder & Johnson Law Firm.

Publication Dates. The first Sunday (or, if the Publication Venue is not published on Sunday, the first Business Day) on or after: (a) the 10th day following the entry of the Preliminary Class Settlement Order; and (b) the 24th day following the entry of the Preliminary Class Settlement Approval Order.

Publication Venues. Collectively: (a) USA Today; (b) The State (South Carolina); (c) The Lancaster News (South Carolina); (d) The Charlotte Observer (North Carolina); (e) The Columbus Dispatch (Ohio); (f) The Atlanta Journal-Constitution (Georgia); (g) The Clarion-Ledger (Mississippi); and (h) Business Wire.

Regent. Regent Capital I, Inc., a Delaware corporation.

Released Defendants. Collectively: (a) FINOVA; (b) all of the current and former affiliate companies of FINOVA; (c) all of the current and former (i) parents, subsidiaries, predecessors, successors and assigns, officers, directors, executors, administrators, agents, partners, shareholders, members, insurers, affiliated persons or entities, attorneys, other professionals, and employees of (ii) any of (a) or (b); and (d) each of the Additional Defendant Parties.

Released Plaintiffs. Collectively: (a) the Thaxton Debtor Parties; (b) the Committee Parties; (c) the Proposed Class Representative; and (d) each Proposed Class Member (provided, however, that a Proposed Class Member is not a Released Plaintiff if such Proposed Class Member (i) properly and timely executes, files and serves an Opt Out Request in accordance with Section III.C.2 of this Master Settlement Agreement, and (ii) does not properly and timely execute, file and serve an Independent Release in accordance with Section III.C.4.(a) of this Master Settlement Agreement, and (iii) properly and timely files any Subsequent Litigation prior to the Subsequent Litigation Bar Date in accordance with Section III.C.4.(b) of this Master Settlement Agreement).

Releasing Defendants. Collectively: (a) FINOVA; (b) FINOVA Group; (c) all officers, directors, and employees of FINOVA or FINOVA Group; (d) the Additional Defendants; (e) all officers and directors of the Additional Defendants (but only with respect to Thaxton-Related Claims arising out of the performance of their duties as officers and directors of the Additional Defendants); and (f) all attorneys and professionals for FINOVA and the Additional Defendants in the Thaxton Debtors' Bankruptcy Cases, the Adversary Proceeding, the Gregory Putative Class Action, and the Society Action.

Releasing Plaintiffs. Collectively: (a) the Thaxton Debtor Parties; (b) the Committee Parties; (c) the Proposed Class Representative; and (d) each Proposed Class Member (provided, however, that a Proposed Class Member is not a Releasing Plaintiff if such Proposed Class Member (i) properly and timely executes, files and serves an Opt Out Request in accordance with Section III.C.2 of this Settlement, and (ii) does not properly and timely execute, file and serve an Independent Release in accordance with Section III.C.4.(a) of this Master Settlement Agreement, and (iii) properly and timely files any Subsequent Litigation prior to the Subsequent Litigation Bar Date in accordance with Section III.C.4.(b) of this Master Settlement Agreement.)

11

Shope Action. That certain action, filed and currently pending in the Ohio District Court against FINOVA and certain other defendants styled *Shope, et al., v. FINOVA Capital Corporation, et al.*, Case No. C2-04-022.

Short Form Class Notice. That certain Short Form Class Notice attached hereto as Exhibit 4, or such other short form class notice that explains how to obtain the Class Notice and is in form and substance acceptable to each of the Parties, in its sole and absolute discretion.

Society Action. That certain mass action, originally filed on June 6, 2006 and thereafter contemplated as proceeding in individual cases, and in various forms currently pending in the South Carolina District Court against FINOVA and the Additional Defendants styled *Society for Crippled Children et al., v. Berkshire Hathaway, et al.*, Case No. 06-cv-01728.

Society Dismissal Order. An order dismissing the Society Action that is in form and substance acceptable to each of the Parties, in its sole and absolute discretion.

South Carolina District Court. The United States District Court for the District of South Carolina.

Southern Debtors. Collectively: (a) Southern Management Corporation, a South Carolina corporation; (b) Southern Financial Management, Inc., a South Carolina corporation; (c) Southern Finance of Tennessee, Inc., a Tennessee corporation; (d) Southern Finance of South Carolina, Inc., a South Carolina corporation; (e) Covington Credit of Texas, Inc., a Texas corporation; (f) Covington Credit of Louisiana, Inc., a Louisiana corporation; (g) Covington Credit of Georgia, Inc., a Georgia corporation; (h) Covington Credit, Inc., an Oklahoma corporation; and (i) Thaxton Investment Corporation, a South Carolina corporation.

Stipulated Thaxton Trust Account Order. That certain stipulated order, dated as of September 11, 2006, agreed to by FINOVA, the Thaxton Debtors, and the Committee and entered by the Delaware Bankruptcy Court, providing for the establishment of the Thaxton Debtors Trust Account and the funding thereof in the approximate amount of $97,241,258, to be held in escrow.

Subsequent Litigation. An action commenced by the filing of a complaint in a court of competent jurisdiction by a Proposed Class Member asserting any Claim against any of the Released Defendants.

Subsequent Litigation Claims Bar Date. 5:00 P.M. prevailing Eastern time on the fifth (5th) Business Day prior to the date on which the hearing on the confirmation of the Plan is scheduled to commence.

Substantive Consolidation Request.    Collectively, the Committee Substantive Consolidation Motion, the Thaxton Debtors' Substantive Consolidation Motion, and all other requests made by either the Thaxton Debtors or the Committee seeking similar relief, including the request made by the Thaxton Debtors through the plan of reorganization filed by certain Thaxton Debtors on June 17, 2004 and the amended plan of reorganization filed by certain Thaxton Debtors on September 9, 2004.

Summary Judgment Appeal.    That certain appeal of the Partial Summary Judgment Order filed with the Fourth Circuit by FINOVA and currently pending.

TGI.    The Thaxton Group, Inc., a South Carolina corporation.

Thaxton Borrowers.    The Thaxton Debtors, and certain other Thaxton Debtor Parties that are, or at any time were, parties to the Loan Agreement or any of the Loan Documents.

Thaxton Debtor Parties.    Collectively: (a) the Thaxton Borrowers; (b) the Additional Thaxton Entities; and (c) all of the current and former (i) parents and subsidiaries, predecessors, successors and assigns, officers, directors, partners, shareholders, members, employees, and attorneys and other professionals of (ii) any of the Thaxton Borrowers or the Additional Thaxton Entities.

Thaxton Debtors:    Collectively: (a) TGI, a South Carolina corporation; (b) TICO Credit Company, a Delaware corporation; (c) Thaxton Operating Company, a South Carolina Corporation; (d) Eagle Premium Finance Company, Inc., a Virginia corporation; (e) TICO Premium Finance Company, Inc., a South Carolina corporation; (f) Thaxton Insurance Group, Inc., a South Carolina corporation; (g) Thaxton Commercial Lending, Inc., a South Carolina corporation; (h) Paragon, Inc., a South Carolina corporation; (i) Modern Central Recovery, an Ohio corporation; (j) TICO Credit Company, Inc., a South Carolina corporation; (k) TICO Credit Company of North Carolina, Inc., a North Carolina corporation; (l) TICO Credit Company of Virginia, Inc., a Virginia corporation; (m) TICO Credit Company of Alabama, Inc., an Alabama corporation; (n) TICO Credit Company of Tennessee, Inc., a Tennessee corporation; (o) TICO Credit Company of Mississippi, Inc., a Mississippi corporation; (p) TICO Credit Company of Georgia, Inc., a Georgia corporation; (q) The Modern Finance Company d/b/a TICO Credit Company, an Ohio corporation; (r) TICO Credit Company, a Mississippi corporation; (s) Modern Financial Services, Inc., an Ohio corporation; (t) TICO Credit Company, a Tennessee corporation; (u) Thaxton Investment Corporation, a South Carolina corporation; (v) Southern Management Corporation, a South Carolina corporation; (w) Southern Finance of Tennessee Inc., a Tennessee corporation; (x) Southern Financial Management, Inc., a South Carolina corporation; (y) Covington Credit, Inc., an Oklahoma corporation; (z) Covington Credit of Georgia, Inc., a Georgia corporation; (aa) Covington Credit of Louisiana, Inc., a Louisiana corporation; (bb) Covington Credit of Texas, Inc., a Texas corporation; (cc) Southern Finance of South Carolina, Inc., a South Carolina corporation;

13

(dd) Quick Credit Corporation, Inc., a South Carolina corporation; and (ee) TICO Credit Corporation, a South Carolina corporation.

Thaxton Debtors' Bankruptcy Cases. Collectively, the bankruptcy cases of the Thaxton Debtors, filed on the Petition Date and currently pending in the Delaware Bankruptcy Court as Case Nos. 03-13182 through 03-13213.

Thaxton Debtors' Substantive Consolidation Motion. That certain motion, filed by the Thaxton Debtors in the Delaware Bankruptcy Court on August 16, 2004, seeking substantive consolidation of the assets of the Thaxton Debtors in the Thaxton Debtors' Bankruptcy Cases.

Thaxton Debtors' Trust Account. That certain escrow account at Wilmington Trust Company, established by the Thaxton Debtors in trust, on September 13, 2006, as follows: Wilmington Trust Company, ABA# 031 100 092, Acct. No. 077867-000.1, Acct. Name: Thaxton Trust Account, Attn: Steve Cimalore, VP.

Thaxton Note. Any note or similar evidence of indebtedness, however titled, issued by any of the Thaxton Debtors.

Thaxton-Related Claims. All Claims arising under or in connection with, or in any way related to: (a) the FINOVA Claims or the administration, collection, enforcement, or performance thereof; (b) the FINOVA Liens or the administration, collection, enforcement, or performance thereof; (c) the Loan Agreement or the administration, collection, enforcement, or performance thereof; (d) any of the Loan Documents or the administration, collection, enforcement, or performance thereof; (e) FINOVA's loans to any of the Thaxton Debtor Parties or the administration, collection, enforcement, or performance thereof; (f) the Thaxton Debtor Parties, in connection with the relationship of FINOVA with the Thaxton Borrowers; and (g) the conduct of the Released Defendants and the Released Plaintiffs in connection with, or in any way related to, any of the foregoing.

Thaxton Settlement Approval Order. An order in the Thaxton Debtors' Bankruptcy Cases approving the entry of the Thaxton Debtors and the Committee into the Master Settlement Agreement and its terms under Rule 9019 of the Federal Rules of Bankruptcy Procedure as in the best interests of the estates of the Thaxton Debtors, that is in form and substance acceptable to each of the Parties in its sole and absolute discretion.

TLP Settlement Order. That certain order, dated as of May 3, 2005, pursuant to which FINOVA acquired and was granted a $1.5 million allowed unsecured claim against each of the Thaxton Debtors.

Voyager. Collectively: (a) Assurant Reinsurance of Turks & Caicos, Ltd., a Turks and Caicos corporation; (b) The Voyager Life Insurance Company, a Georgia corporation; (c) Voyager Life and Health Insurance Company, a Georgia Corporation; (d)

14

Voyager Indemnity Insurance Company, a Georgia corporation; (e) Voyager Property and Casualty Insurance Company, a South Carolina corporation; (f) Voyager American Insurance Company, Ltd., a Turks and Caicos company; (g) American Bankers Insurance Company of Florida, a Florida corporation; (h) American Bankers Life Assurance Company of Florida, a Florida corporation; and (i) American Reliable Insurance Company, an Arizona corporation.

> Withdrawal Right. The right to reject and withdraw from this Master Settlement Agreement and the Plan, and all agreements made in connection therewith.

> Wood Action. That certain action, originally filed in the Superior Court for Gwinnett County, Georgia against FINOVA and certain other defendants styled *Wood, et al. v. FINOVA Capital Corporation, et al.*, Case No. 03-A13343-8, and currently pending in the Georgia District Court as Case No. 04-CV-0011.

## II.    DIVISION OF ASSETS

### A.    Treatment Of FINOVA.

> FINOVA shall retain the FINOVA Claims and the FINOVA Liens upon only the following property, and receive from the Thaxton Debtors with respect to the FINOVA Claims and FINOVA Liens (receipt of which shall fully satisfy and discharge such FINOVA Claims and FINOVA Liens):

> 1.    Cash. On the Effective Date, all of the amounts then in the Thaxton Debtors' Trust Account, except for (a) $16 million and (b) all interest actually earned on such $16 million by the Thaxton Debtors since August 16, 2006; and

> 2.    Other Property. On the later of the Effective Date or ten days following the Thaxton Debtors' receipt thereof, 50% of all net recoveries (after deducting all litigation expenses from the gross recoveries) in excess of $2.27 million, in the aggregate, from all Avoidance Actions, excluding any recoveries from Voyager or Garrett; provided, however, that nothing herein creates an obligation for the Thaxton Debtors to pursue such Avoidance Actions.

> Except as set forth in this Section II.A and except as provided elsewhere in this Master Settlement Agreement (including, without limitation, in Sections III.C, III.D, IV, V and VI of this Master Settlement Agreement), FINOVA waives and releases its FINOVA Claims and FINOVA Liens upon all real and personal property of the Thaxton Debtors, including all seniority rights with respect thereto, including, but not limited to, those granted under the Thaxton Notes and the Indenture dated February 17, 1998 by and between TGI and Bank of New York, N.A.

### B.    Treatment Of Proposed Class Members And Other Creditors.

15

On or after the Effective Date, all real and personal tangible and intangible property of the Thaxton Debtors (other than the property to be received by FINOVA under Section II.A above), including, without limitation, the cash and other assets, and the beneficial ownership of the stock, of the Southern Debtors, shall, subject to the provisions of this Master Settlement Agreement (including, without limitation, Sections III.C.4 and III.D of this Master Settlement Agreement), be distributed to or for the benefit of creditors of the Thaxton Debtors, other than FINOVA, pursuant to the Plan.

All sums received under this Section II.B from the Thaxton Debtors' Trust Account shall be deemed to be received from the first amounts provisionally paid to FINOVA during the Thaxton Debtors' Bankruptcy Cases.

The Proposed Class Representative and the Committee represent that they have received no offers to purchase all or substantially all of such assets or stock of the Southern Debtors as of September 17, 2006. The Thaxton Debtors represent that they have received no written offers for all or substantially all of the assets or stock of the Southern Debtors that they have presented to their boards of directors, and they have no such written offers to present to their boards of directors as of September 17, 2006.

Solely for purposes of implementing the terms of this Master Settlement Agreement, and subject in all cases to Sections V and VI of this Master Settlement Agreement, FINOVA consents and agrees that the Plan may provide for the substantive consolidation of some or all of the estates of the Thaxton Debtors, and FINOVA shall, upon request of any of the Parties made in accordance with Section VII.D of this Master Settlement Agreement, withdraw its objection to the Substantive Consolidation Request.

## III.    STEPS TO IMPLEMENTATION; OPT OUTS; NOTE SELLERS

### A.    The Litigation and Bar Dates.

All Parties agree that they will take all reasonable steps necessary to cause the Dismissal Orders and the Society Dismissal Order to be entered prior to or on the Effective Date. Upon execution of this Master Settlement Agreement: (1) the Thaxton Debtors and the Committee agree to as soon as practicable request that the Delaware Bankruptcy Court enter the Thaxton Settlement Approval Order and an order setting the Note Seller Notice Date and the Subsequent Litigation Claims Bar Date; and (2) FINOVA and the Committee agree to as soon as practicable request that the Fourth Circuit stay the Summary Judgment Appeal and the Injunction Appeal.

### B.    The Gregory Putative Class Action.

The Parties agree that they will take all reasonable steps necessary to cause the Proposed Class to be certified in the Gregory Putative Class Action pursuant to the Preliminary Class Settlement Approval Order, subject in all cases to the provisions of this

16

Master Settlement Agreement (including, without limitation, Sections V and VI of this Master Settlement Agreement). Upon execution of this Master Settlement Agreement, the Proposed Class Counsel will immediately seek the South Carolina District Court's approval of the Preliminary Class Settlement Approval Order. The Parties recognize that each Proposed Class Member may elect to opt out of the settlement embodied by this Master Settlement Agreement for the Gregory Putative Class Action.

### C.    Treatment Of Opt Outs.

The Parties agree that notice to each Proposed Class Member, and the method for opting out, shall be accomplished in the manner set forth in this Section III.C.

1.    Class Notice Mailing Date.    On the Class Notice Mailing Date, Proposed Class Counsel shall send the Class Notice, via United States mail, postage prepaid, at the last known address, to each known Proposed Class Member that either: (a) held a Claim against any of the Thaxton Debtors as of the Petition Date or the Class Notice Mailing Date; or (b) is a Claims Trader who has purchased or been transferred or assigned a Claim against any of the Thaxton Debtors on or after the Petition Date. On each of the Publication Dates, Proposed Class Counsel shall publish a copy of the Short Form Class Notice in each of the Publication Venues.

2.    Method For Opting Out.    In order to opt out, a Proposed Class Member must, no later than the Opt Out Date, file with the clerk of the South Carolina District Court, and serve upon each of the Parties and the Independent Processing Agent in accordance with Section VII.D of this Master Settlement Agreement, a written, original, fully completed and executed Opt Out Request.

3.    Failure To Properly And Timely Execute An Opt Out Request.    Any Proposed Class Member that fails to timely and properly execute, file, and serve an Opt Out Request in compliance with Section III.C.2 of this Master Settlement Agreement shall: (a) be deemed to be bound by the terms of this Master Settlement Agreement and, *inter alia*, be deemed to have granted the releases and covenants not to sue set forth in this Master Settlement Agreement and the Plan; and (b) be entitled to receive such Proposed Class Member's pro rata share of the sums to be distributed to the Proposed Class under Section II.B of this Master Settlement Agreement.

4.    Effect Of Proper And Timely Execution Of An Opt Out Request.

(a)    Creditors That Provide An Independent Release.    If a Proposed Class Member timely and properly executes, files and serves an Opt Out Request in compliance with Section III.C.2 of this Master Settlement Agreement, and also, no later than the Independent Release Date, delivers to each of FINOVA and the Additional Defendant Parties in accordance with Section VII.D of this Master Settlement Agreement, an original, fully completed and executed Independent Release, such

Proposed Class Member shall be entitled to its entire pro rata share of the distribution to the Proposed Class under Section II.B of this Master Settlement Agreement.

(b)    Creditors That Fail To Provide An Independent Release.  The Thaxton Debtors, the Committee, and the Proposed Class Representative on behalf of the Proposed Class have requested that each Proposed Class Member that timely and properly executes, files and serves an Opt Out Request in compliance with Section III.C.2 of this Master Settlement Agreement be entitled, notwithstanding such Opt Out Request, to share in the distribution made pursuant to Section II.B of this Master Settlement Agreement.  In consideration for the agreement of FINOVA and the Additional Defendants to that request, the Parties have agreed as follows:

(i)    Subsequent Litigation Claims Bar Date.  If a Proposed Class Member timely and properly executes, files and serves an Opt Out Request in compliance with Section III.C.2 of this Master Settlement Agreement, but such Proposed Class Member fails to timely and properly execute, file and serve an Independent Release in accordance with the provisions of Section III.C.4.(a) of this Master Settlement Agreement, such Proposed Class Member shall be required to commence any Subsequent Litigation no later than the Subsequent Litigation Claims Bar Date.

(ii)    Failure to Comply With Subsequent Litigation Claims Bar Date.  If a Proposed Class Member fails to commence any Subsequent Litigation by the Subsequent Litigation Claims Bar Date, such Proposed Class Member shall, notwithstanding the timely and proper execution, filing, and service of an Opt Out Request in compliance with Section III.C.2 of this Master Settlement Agreement: (a) be bound by the terms of this Master Settlement Agreement and, *inter alia*, be deemed to have granted the releases and covenants not to sue set forth in this Master Settlement Agreement and the Plan; and (b) be entitled to its entire pro rata share of the distribution to the Proposed Class under Section II.B of this Master Settlement Agreement.

(iii)    Compliance With Subsequent Litigation Claims Bar Date.  In the event such Proposed Class Member does file any Subsequent Litigation by the Subsequent Litigation Claims Bar Date, any distribution that would have been made to such Proposed Class Member under the Plan shall be held in escrow pursuant to the Plan pending resolution of such Subsequent Litigation by a Final Order of a court of competent jurisdiction.  In any such Subsequent Litigation, the provisions of Sections VI.B.1 and VI.B.3 of this Master Settlement Agreement shall be deemed to apply.

D.    Treatment Of Note Seller Claims.

The Proposed Class includes certain Note Sellers.  The purpose of this Section III.D is to establish a mechanism by which a Note Seller can give notice of his, her, or its intent to assert a claim with respect to the consideration that FINOVA and the Thaxton Debtors will provide through this Master Settlement Agreement and the Plan.

18

1.    Method For Preservation Of Note Seller Claim. In order to assert a Note Seller Claim, a Proposed Class Member must, no later than the Note Seller Notice Date, file with the clerk of the Delaware Bankruptcy Court, and serve upon each of the Parties and the Independent Processing Agent in accordance with Section VII.D of this Master Settlement Agreement, an original, fully completed and executed Note Seller Notice Of Intent To Assert Claim Form asserting the amount of such claim and setting forth the name of the Claims Trader that purchased such claim from the Note Seller. In addition, the Proposed Class Member shall, no later than the Note Seller Notice Date, be required to serve such original, fully completed and executed Note Seller Notice Of Intent To Assert Claim Form upon the identified Claims Trader.

2.    Effect of Preservation Of Note Seller Claim. If a Proposed Class Member fails to timely and properly execute, file and serve a Note Seller Notice Of Intent To Assert Claim Form in compliance with Section III.D.1 of this Master Settlement Agreement, such Proposed Class Member shall: (a) be bound of the terms of this Master Settlement Agreement and, *inter alia*, be deemed to have been granted the releases and covenants not to sue set forth in this Master Settlement Agreement and the Plan; (b) be barred from asserting its Note Seller Claim against any of the Released Defendants or any of the Thaxton Debtor Parties; and (c) be entitled to no part of the distribution made in the Thaxton Debtors' Bankruptcy Cases to the Proposed Class under Section II.B of the Master Settlement Agreement. In the event such Proposed Class Member does timely and properly execute, file and serve a Note Seller Notice Of Intent To Assert Claim Form in compliance with Section III.D.1 of this Master Settlement Agreement, such Proposed Class Member shall: (x) be bound of the terms of this Master Settlement Agreement and, *inter alia*, be deemed to have been granted the releases and covenants not to sue set forth in this Master Settlement Agreement and the Plan; and (y) be entitled to commence an action against the identified Claims Trader that receives a distribution in which the Note Seller claims an interest, in any jurisdiction and venue appropriate under the written agreement between the Note Seller and Claims Trader. Notwithstanding anything to the contrary in this Master Settlement Agreement or the Plan (including anything to the contrary in this Section III.D.2), in the event that either the Note Seller or the identified Claims Trader timely and properly executes, files and serves an Opt Out Request in compliance with Section III.C.2 of this Master Settlement Agreement, all rights of the Note Seller and the identified Claims Trader (including the rights to any distribution) shall be governed by the provisions of Section III.C.4 of this Master Settlement Agreement.

E.    **Payments to Proposed Class Counsel.**

The Proposed Class Counsel agree to limit their request for fees and expenses in connection with the Settled Class Action and the settlement of class claims against Cherry, Bekaert & Holland, LLP and Moore & Van Allen, PLLC, in the aggregate, to the amounts set forth in Exhibit 5 of this Master Settlement Agreement.

## IV.  RELEASES

### A.    Releases In Favor Of Defendants.

On the Effective Date, and subject in all cases to the provisions of this Master Settlement Agreement (including, without limitation, Sections V and VI hereof), each of the Thaxton Borrowers, the Additional Thaxton Entities, and the Committee Parties shall be deemed to generally and irrevocably release and forever discharge, and shall be deemed to have given a covenant not to sue in favor of, FINOVA and FINOVA Group from all Claims, including, without limitation: (1) any claims for payment of any secured, administrative, priority, unsecured or other claims against the Thaxton Debtors of any person or entity (including, without limitation, any attorneys for any Proposed Class Member); and (2) any expenses for the ongoing administration of the Thaxton Debtors' Bankruptcy Cases.

On the Effective Date, and subject in all cases to the provisions of this Master Settlement Agreement (including, without limitation, Sections V and VI hereof), each of the Releasing Plaintiffs shall be deemed to irrevocably release and forever discharge, and shall be deemed to have given a covenant not to sue in favor of, the Released Defendants from all Thaxton-Related Claims, including, without limitation: (1) any claims for payment of any secured, administrative, priority, unsecured or other claims against the Thaxton Debtors of any person or entity (including, without limitation, any attorneys for any Proposed Class Member); and (2) any expenses for the ongoing administration of the Thaxton Debtors' Bankruptcy Cases.

The releases described in this Section IV.A shall also be either: (1) granted in the Thaxton Settlement Approval Order and incorporated in the Plan; or (2) granted in and by the Plan.

### B.    Releases In Favor Of Plaintiffs.

On the Effective Date, except as set forth in this Master Settlement Agreement (including, without limitation, in Section II.A hereof), and subject in all cases to the provisions of this Master Settlement Agreement (including, without limitation, Sections V and VI hereof), FINOVA and FINOVA Group shall be deemed to generally and irrevocably release and forever discharge, and shall be deemed to have given a covenant not to sue in favor of, each of the Thaxton Borrowers, the Additional Thaxton Entities, and the Committee Parties from: (1) all FINOVA Claims, including all seniority rights granted under the Thaxton Notes and the Indenture dated February 17, 1998 by and between TGI and Bank of New York, N.A.; and (2) all liens of FINOVA against any of the assets of the Thaxton Debtor Parties, whether arising as a matter of contract law or otherwise (including, without limitation, the FINOVA Liens).

On the Effective Date, except as set forth in this Master Settlement Agreement (including, without limitation, in Section II.A hereof), and subject in all cases to the provisions of this Master Settlement Agreement (including, without limitation,

Sections V and VI hereof), each of the Releasing Defendants shall be deemed to irrevocably release and forever discharge, and shall be deemed to have given a covenant not to sue in favor of, each of the Released Plaintiffs from all Thaxton-Related Claims, including (from FINOVA only) from all seniority rights granted under the Thaxton Notes and the Indenture dated February 17, 1998 by and between TGI and Bank of New York, N.A.

The releases described in this Section IV.B shall also be either: (a) granted in the Thaxton Settlement Approval Order and incorporated in the Plan; or (b) granted in and by the Plan.

### C.    No Release Of Voyager.

Notwithstanding any language or provision herein, nothing in this Master Settlement Agreement shall release or be deemed to have released the Claims of any of the Thaxton Debtor Parties against Voyager.

### V.    BANKRUPTCY COURT APPROVAL; CONDITIONS PRECEDENT

### A.    Bankruptcy Court Approval.

This Master Settlement Agreement is expressly conditioned upon the entry of both the Thaxton Settlement Approval Order and the FINOVA Settlement Approval Order. Upon such orders becoming Final Orders, this Master Settlement Agreement shall become binding on all of the Parties. In the event either the Thaxton Settlement Approval Order or the FINOVA Settlement Approval Order is not entered or does not become a Final Order, this Master Settlement Agreement shall be null and void *ab initio* and the provisions of Sections VI.B.1 and VI.B.2 of this Master Settlement Agreement shall apply. Upon entry of a Thaxton Settlement Approval Order that is a Final Order and entry of a FINOVA Settlement Approval Order that is a Final Order, the Parties agree to execute such documents as are necessary to give effect to the Master Settlement Agreement.

### B.    Conditions Precedent To Effective Date.

Notwithstanding Section V.A of this Master Settlement Agreement, and subject in all cases to Section VI of this Master Settlement Agreement: (1) all transactions that are to occur, and all actions and obligations that are to be performed, on or after the Effective Date under this Master Settlement Agreement shall be conditioned upon the occurrence of the Effective Date; and (b) the following are, unless waived in writing by all Parties, conditions precedent to the occurrence of the Effective Date, such that the Effective Date may not occur until the second Business Day following the last of the following dates:

A.    The date on which the Preliminary Class Settlement Approval Order becomes a Final Order.

B.    The date on which the Thaxton Settlement Approval Order becomes a Final Order.

C.    The date on which the FINOVA Settlement Approval Order becomes a Final Order.

D.    The date on which the Final Class Settlement Approval Order becomes a Final Order.

E.    The date on which the Disclosure Statement Order becomes a Final Order.

F.    The date on which the Plan Confirmation Order becomes a Final Order.

G.    The date on which the Order Vacating Partial Summary Judgment Order becomes a Final Order.

H.    The date on which each of the Dismissal Orders becomes a Final Order.

I.    The date on which the Society Dismissal Order becomes a Final Order.

## VI.    TERMINATION/WITHDRAWAL RIGHTS

### A.    Grounds For Exercise Of Withdrawal Right.

A Party may exercise a Withdrawal Right only under the following circumstances:

1.    Default.  If a Party defaults on its material obligations under this Master Settlement Agreement or the Plan, then any other Party shall have the right to notify all Parties in writing, pursuant to Section VII.D below, of such default.  If such default remains uncured for ten (10) days following the date on which the defaulting Party receives notice of the default, then any Party to this Master Settlement Agreement other than the defaulting party may exercise a Withdrawal Right.

2.    Excessive Opt Outs.  FINOVA shall have the exclusive right to exercise a Withdrawal Right by so notifying the other Parties in writing, in accordance with Section VII.D, no later than the fifth (5th) Business Day following the Opt Out Date, if: (a) the aggregate amount of claims, including principal and interest, of all Proposed Class Members (including all Note Sellers and Claims Traders) that timely and properly file an Opt Out Request in compliance with Section III.C.2 of this Master Settlement exceeds the Opt Out Amount; or (b) if any of the Prospective Class Members listed on

Exhibit 6 hereto timely and properly files an Opt Out Request in compliance with Section III.C.2 of this Master Settlement Agreement.

3.   Failure Of Effective Date To Occur.   Schedule 1 attached hereto reflects the Parties' general intent as to how to proceed to satisfy the Conditions Precedent To Effective Date set forth in Section V.B of this Master Settlement Agreement.   The Parties acknowledge that the dates listed on Schedule 1 are estimates only, and subject to the schedules of the various courts involved and the Parties, but each of the Parties agrees that it shall use its best efforts to cause compliance with Schedule 1.   In no event, however, shall the failure of any of the Parties to comply with any of the dates in Schedule 1 grant any Party a Withdrawal Right; provided, however, that notwithstanding the foregoing, if, for any reason, the Effective Date does not occur by May 31, 2007, any Party shall thereafter have the right, in its sole and absolute discretion, to exercise a Withdrawal Right by so notifying the other Parties in writing, in accordance with Section VII.D of this Master Settlement Agreement.

B.   **Termination.**

1.   Acknowledgements.   The Parties acknowledge that the agreement by FINOVA and the Additional Defendants to class certification is based on the terms of this Master Settlement Agreement, which eliminates individual questions as to whether particular class members are entitled to recovery and questions as to whether a class action is the superior manner of adjudicating the claims by Proposed Class Members against FINOVA and the Additional Defendants, and that the agreement by FINOVA and the Additional Defendants to the substantive consolidation of the estates of the Thaxton Debtors is conditioned on the use of substantive consolidation to implement the terms of this Master Settlement Agreement.

2.   Termination By Exercise Of Withdrawal Right.   Upon timely and proper exercise by any Party of a Withdrawal Right under Section VI.A of this Master Settlement Agreement, this Master Settlement Agreement shall terminate automatically and immediately, without the need for further action.   Upon termination under this Section VI.B.2: (a) (i) all provisions of this Master Settlement Agreement, (ii) all provisions of the Plan, (iii) any court rulings relating thereto or entered in connection therewith, including, without limitation, the Preliminary Class Settlement Approval Order, Thaxton Settlement Approval Order, FINOVA Settlement Approval Order, Final Class Settlement Approval Order, Disclosure Statement Order, Plan Confirmation Order, Order Vacating Partial Summary Judgment, Dismissal Orders, and Society Dismissal Order, and (iv) all releases (including, without limitation, any Independent Releases) and covenants not to sue granted in the Master Settlement Agreement or the Plan shall be null and void *ab initio*; (b) none of the provisions of this Master Settlement Agreement, the Plan, any court rulings or orders entered in connection with the Master Settlement Agreement or the Plan, (including, without limitation, the Preliminary Class Settlement Approval Order, Thaxton Settlement Approval Order, FINOVA Settlement Approval Order, Final Class Settlement

Approval Order, Disclosure Statement Order, Plan Confirmation Order, Order Vacating Partial Summary Judgment, Dismissal Orders, and Society Dismissal Order), or any of the other documents entered into (or written or oral statements made) in connection with the settlement of the Litigation referenced herein (i) shall constitute an admission or stipulation of liability, an admission or stipulation of any facts or circumstances referenced herein, or an admission, stipulation, or judicial determination that any relief sought by any of the Parties (including, without limitation, a request for class certification or the Substantive Consolidation Request) is appropriate, or (ii) may be used as evidence of consent or liability, or admitted as evidence in the Litigation or otherwise for any purpose; (c) notwithstanding the entry of the Preliminary Class Settlement Approval Order or anything contained therein, the Proposed Class shall automatically be decertified without the necessity for court action; (d) notwithstanding the entry of the Confirmation Order or anything contained therein, the Plan shall automatically be revoked and considered null and void without the necessity for court action; (e) FINOVA and the Additional Defendants shall have the right to object to the maintenance of a class action in any court, and to object to the substantive consolidation of the estates of the Thaxton Debtors; and (f) FINOVA shall retain its FINOVA Claims, FINOVA Liens, and any other Claims against any person or entity.

      3.    <u>Termination By Subsequent Litigation</u>.  In the event of any timely and proper Subsequent Litigation, this Master Settlement Agreement shall terminate automatically and immediately, but only as between the Released Defendants and the plaintiff(s) in such Subsequent Litigation. Upon termination under this Section VI.B.3, solely as between the Released Defendants and the plaintiff(s) in such Subsequent Litigation: (a) (i) all provisions of this Master Settlement Agreement, (ii) all provisions of the Plan, (iii) any court rulings or orders relating thereto or entered in connection therewith, including, without limitation, any Confirmation Order, Preliminary Class Settlement Approval Order, Final Class Settlement Approval Order, Order Vacating Partial Summary Judgment, and Dismissal Orders, and (iv) all releases (including, without limitation, any Independent Releases) and covenants not to sue granted in the Master Settlement Agreement or the Plan shall be null and void *ab initio*; (b) none of the provisions of this Master Settlement Agreement, the Plan, any court rulings or orders entered in connection with the Master Settlement Agreement or the Plan (including, without limitation, any Confirmation Order, Preliminary Class Settlement Approval Order, Final Class Settlement Approval Order, Order Vacating Partial Summary Judgment, and Dismissal Orders) or any of the other documents entered into (or written or oral statements made) in connection with the settlement of the Litigation referenced herein (i) shall constitute an admission or stipulation of liability, an admission or stipulation of any facts or circumstances referenced herein, or an admission, stipulation, or judicial determination that any relief sought by any of the Parties (including, without limitation, a request for class certification or the Substantive Consolidation Request) is appropriate, or (ii) may be used as evidence of consent or liability, or admitted as evidence in the Litigation or otherwise for any purpose; (c) notwithstanding the entry of the Confirmation Order or anything contained therein, the Plan shall automatically be revoked and

24

considered null and void without the necessity for court action; (d) FINOVA and the Additional Defendants shall have the right to object to the substantive consolidation of the estates of the Thaxton Debtors; and (f) FINOVA shall retain (i) the FINOVA Claims, (ii) the FINOVA Liens, and (iii) any other Claims and priority rights vis-a-vis the plaintiffs in such Subsequent Litigation.

## VII.   MISCELLANEOUS

### A.   Release Of Attorneys' Lien.

In consideration of this Agreement, Proposed Class Counsel hereby waive, discharge and release the Parties from any and all claims for attorneys' fees, by lien or otherwise, for legal services rendered by Proposed Class Counsel in connection with the Litigation; provided, however, that Proposed Class Counsel shall be paid out of proceeds derived from the Litigation or out of the sums to be distributed to the Proposed Class Members pursuant to Section II.B of this Master Settlement Agreement.

### B.   Exculpation.

Each of the Parties acknowledges and agrees that the Plan may contain exculpation and discharge provisions in form and substance acceptable to each of the Parties, in its sole and absolute discretion.

### C.   Cooperation.

The Parties and their attorneys agree to cooperate fully with one another in seeking Court approval of this Master Settlement Agreement and the Plan, and to use their best efforts to effect the consummation of this Master Settlement Agreement and the settlement provided for in it.

### D.   Notices To Parties.

All notices and other documents to be provided hereunder shall be in writing and deemed to have been given or made: (1) if delivered in person, immediately upon delivery, (2) if by telex, telegram or facsimile transmission, immediately upon sending and upon confirmation of receipt; (3) if by nationally recognized overnight courier service with instructions to deliver the next Business Day, one (1) Business Day after sending; and (4) if by certified mail, return receipt requested, five (5) days after mailing. All notices, requests and demands upon the parties are to be given to the following addresses (or to such other address as any party may designate by notice in accordance with this Section VII.D):

If to FINOVA:

    Andrew R. Cardonick, Esq.
    Daniel P. Shapiro, Esq.
    Steven A. Levy, Esq.
    **GOLDBERG KOHN**
    55 E. Monroe, 37th Floor
    Chicago, IL 60603
    Phone: (312) 201-4000
    Fax: (312) 332-2196

If to any of the Thaxton Debtors:    C. Richard Rayburn, Jr., Esq.
    Albert D. Durham, Esq.
    **RAYBURN COOPER & DURHAM, P.A.**
    227 West Trade Street, Suite 1200
    Charlotte, NC 28202
    Phone: (704) 334-0891
    Fax: (704) 377-1897

    Judge Walter T. Cox, III, Esq.
    Gus M. Dixon, Esq.
    James K. Lehman, Esq.
    **NELSON MULLINS RILEY &**
    **SCARBOROUGH, LLP**
    1320 Main Street
    Columbia, South Carolina 29201
    Phone: (803) 255-9491
    Fax: (803) 255-5160

If to the Proposed Class:

    Gilbert Scott Bagnell, Esq.
    **BAGNELL & EASON, LLC**
    1201 Main Street, Suite 1980
    Columbia, SC 20201
    Phone: (803) 748-1333
    Fax: (803) 748-1300

If to the Committee:

    Alan Kolod, Esq.
    Mark N. Parry, Esq.
    **MOSES & SINGER, LLP**
    The Chrysler Building
    405 Lexington Avenue
    12th Floor
    New York, NY 10174-1299
    Phone: (212) 554-7800
    Fax: (212) 554-7700

If to any of the Additional
Defendants or the Additional
Defendant Parties:

Michael D. Zimmerman, Esq.
**SNELL & WILMER, LLP**
15 West South Temple
Suite 1200
Salt Lake City, UT  84101
Phone: (801) 257-1964
Fax: (801) 257-1800


If to the Independent Processing    Berdon Claims Administration, LLC
Agent:    P.O. Box 9014
    Jericho, NY  11753

The persons and addresses designated in this Section VII.D may be changed by any signatory party by written notice to the other signatory parties.

### E.    Successors And Assigns.

This Master Settlement Agreement and any other document referred to herein or therein shall be binding upon and inure to the benefit of and be enforceable by each of the Parties and their respective successors and assigns.  Each and every term of this Master Settlement Agreement shall be binding upon and inure to the benefit of each of the Parties and their respective successors and assigns, all of which persons and entities are intended to be beneficiaries of this Master Settlement Agreement.

### F.    Entire Agreement.

This Master Settlement Agreement, any supplements hereto or thereto, and any instruments or documents delivered or to be delivered in connection herewith or therewith represents the entire agreement and understanding concerning the subject matter hereof and thereof between the parties hereto, and supersede all other prior agreements, understandings, negotiations and discussions, representations, warranties, commitments, proposals, offers and contracts concerning the subject matter hereof, whether oral or written.  In the event of any inconsistency between the terms of this Master Settlement Agreement and any schedule or exhibit hereto, the terms of this Master Settlement Agreement shall govern.

### F.    Counterparts.

This Master Settlement Agreement may be executed in any number of counterparts, each of which shall be an original, but all of which taken together shall constitute one and the same agreement.  Delivery of an executed counterpart of this Master Settlement Agreement by facsimile shall have the same force and effect as the delivery of an original executed counterpart of this Master Settlement Agreement.  Any party delivering an executed counterpart of any such agreement by facsimile shall also

deliver an original executed counterpart, but the failure to do so shall not affect the validity, enforceability or binding effect of such agreement.

### G.    Governing Law.

The validity, interpretation and enforcement of this Master Settlement Agreement shall be governed by the internal laws of the State of Delaware (without giving effect to principles of conflicts of law).

### H.    Representation By Counsel.

The Parties recognize and hereby acknowledge that each of the Parties was represented by counsel, and that they received independent legal advice with respect to the advisability of entering into this Master Settlement Agreement. Each of the Parties acknowledges that: (a) the negotiations leading up to this Master Settlement Agreement were conducted regularly and at arm's length; (b) this Master Settlement Agreement is made and executed by and of each Party's own free will; (c) each Party knows all of the relevant facts and his or its rights in connection therewith; and (d) he, she or it has not been improperly influenced or induced to make this settlement as a result of any act or action on the part of any party or employee, agent, attorney or representative of any Party to this Master Settlement Agreement. The Parties further acknowledge that they entered into this Master Settlement Agreement because of their desire to avoid the further expense and inconvenience of the Litigation and other disputes, and to compromise permanently and settle the claims among the Parties settled by the execution of this Master Settlement Agreement.

### I.    Power To Execute Settlement Agreement.

Each of the Parties hereto does hereby represent and warrant as to itself that it has the power and authority to execute this Master Settlement Agreement, and that, when executed and delivered by them or their undersigned officers or other representatives, and subject to entry of the Thaxton Debtors' Approval Order and the FINOVA Settlement Approval Order and in all cases to Sections V and VI of this Master Settlement Agreement, this Master Settlement Agreement shall be valid and legally binding against it.

### J.    Master Settlement Agreement Controls.

To the extent there is any conflict between the terms of this Master Settlement Agreement and any other document or order (including, without limitation, the Plan or the Confirmation Order), this Master Settlement Agreement shall control.

**K.**    **Headings.**

The headings in this Master Settlement Agreement are for informational purposes only, and shall not constitute a part of this Master Settlement Agreement.

[remainder of page intentionally left blank]

IN WITNESS WHEREOF, the parties hereto, and their respective counsel of record, have so agreed, on October 31, 2006.

FINOVA CAPITAL CORPORATION

Dated: _10/31/06_          By: _____
                               Phil Donnelly, Esq.
                               Senior Vice President
                               General Counsel And Secretary

THE THAXTON DEBTORS

Dated: _____          By: _____
                            Robert Dunn
                            President

THE PROPOSED CLASS

Dated: _____          By: _____
                            John C. Tibbs
                            Proposed Class Representative

THE COMMITTEE

Dated: _____          By: _____
                            Counsel To The Committee

THE ADDITIONAL DEFENDANTS

Dated: _____          By: _____
                            Michael Zimmerman, Esq.
                            Counsel To The Additional Defendants

30

IN WITNESS WHEREOF, the parties hereto, and their respective counsel of record, have so agreed, on *October 31*, 2006.

## FINOVA CAPITAL CORPORATION

Dated: _____          By: _____
                             Phil Donnelly, Esq.
                             Senior Vice President
                             General Counsel And Secretary

## THE THAXTON DEBTORS

Dated: 10/31/06          By: _____
                             Robert Dunn
                             President *and/or Chief Executive Officer*

## THE PROPOSED CLASS

Dated: _____          By: _____
                             John C. Tibbs
                             Proposed Class Representative

## THE COMMITTEE

Dated: _____          By: _____
                             Jack Pate
                             Chairman

## THE ADDITIONAL DEFENDANTS

Dated: _____          By: _____
                             Michael Zimmerman, Esq.
                             Counsel To The Additional Defendants

30

IN WITNESS WHEREOF, the parties hereto, and their respective counsel of record, have so agreed, on October 31, 2006.

### FINOVA CAPITAL CORPORATION

Dated: _____    By: _____
                        Phil Donnelly, Esq.
                        Senior Vice President
                        General Counsel And Secretary

### THE THAXTON DEBTORS

Dated: _____    By: _____
                        Robert Dunn
                        President

### THE PROPOSED CLASS

Dated: 10/31/06    By: _____
                        John C. Gibbs
                        Proposed Class Representative

### THE COMMITTEE

Dated: _____    By: _____
                        Counsel To The Committee

### THE ADDITIONAL DEFENDANTS

Dated: _____    By: _____
                        Michael Zimmerman, Esq.
                        Counsel To The Additional Defendants

30

IN WITNESS WHEREOF, the parties hereto, and their respective counsel of record, have so agreed, on October 31, 2006.

### FINOVA CAPITAL CORPORATION

Dated: _____    By: _____
                      Phil Donnelly, Esq.
                      Senior Vice President
                      General Counsel And Secretary

### THE THAXTON DEBTORS

Dated: _____    By: _____
                      Robert Dunn
                      President

### THE PROPOSED CLASS

Dated: _____    By: _____
                      John C. Tibbs
                      Proposed Class Representative

### THE COMMITTEE

Dated: 11/1/06    By: _____
                      Counsel To The Committee

### THE ADDITIONAL DEFENDANTS

Dated: _____    By: _____
                      Michael Zimmerman, Esq.
                      Counsel To The Additional Defendants

30

IN WITNESS WHEREOF, the parties hereto, and their respective counsel of record, have so agreed, on October 31, 2006.

## FINOVA CAPITAL CORPORATION

Dated: _____     By: _____
                          Phil Donnelly, Esq.
                          Senior Vice President
                          General Counsel And Secretary

## THE THAXTON DEBTORS

Dated: _____     By: _____
                          Robert Dunn
                          President

## THE PROPOSED CLASS

Dated: _____     By: _____
                          John C. Tibbs
                          Proposed Class Representative

## THE COMMITTEE

Dated: _____     By: _____
                          Counsel To The Committee

## THE ADDITIONAL DEFENDANTS

Dated: 10/31/06     By: _____
                          Michael Zimmerman, Esq.
                          Counsel To The Additional Defendants

30



# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### ANDERSON DIVISION

In re:  *Earl B. Gregory v. FINOVA Capital Corporation, et al.,*
   Case No.:  8: 04-2612-13

### NOTICE OF SETTLEMENT, PROPOSED CERTIFICATION OF
### SETTLEMENT CLASS, AND NOTICE OF HEARING

***TO:***   Collectively: (1) each person or entity that purchased any Thaxton Note or other rights or claims arising from a Thaxton Note at any time from any person or entity, including, without limitation, any Note Sellers and any Claims Traders; and (2) each person or entity that, as of October 31, 2006 and/or the Effective Date, holds any other unsecured Claim against any of the Thaxton Debtor Parties. This class will be referred to throughout this Notice as the "Settlement Class." (A complete copy of the Master Settlement Agreement can be viewed on the website www.ThaxtonClassAction.com . (Capitalized terms used but not defined herein have the meanings set forth in the Master Settlement Agreement.) This notice summarizes the Master Settlement Agreement, but does not modify or supersede it. In the event of any conflict, the terms of the Master Settlement Agreement will control.)

### THIS NOTICE MAY AFFECT YOUR RIGHTS.
### PLEASE READ THE ENTIRE NOTICE CAREFULLY.

   Litigation is currently pending in federal court in South Carolina concerning The Thaxton Group, Inc. ("TGI") and certain of its subsidiaries (with TGI, collectively "Thaxton") and their subordinated note program. *This is the second settlement announced in that litigation.*

   Under the proposed settlement, defendant FINOVA Capital Corporation ("FINOVA") will release and waive certain liens in the Thaxton bankruptcy cases. This will benefit creditors of Thaxton, including noteholders in the Settlement Class, by hopefully allowing Thaxton to confirm a plan in the near future, and by making additional assets available in the Thaxton bankruptcy cases to satisfy noteholders' claims. The ultimate recovery by Settlement Class members will depend on developments in the Thaxton bankruptcy cases, but class counsel (identified in paragraph 16 below) and their experts believe this settlement will enable Thaxton to confirm a bankruptcy plan to ultimately pay its creditors approximately 85 cents on each dollar of their claims. There can be no assurance as to the precise result, however, which depends on numerous factors beyond the scope of this settlement.

**This Notice describes the settlement and sets forth your legal rights and options. Read this Notice carefully.**
**Your legal rights are affected by this settlement regardless of whether or not you act.**

---

**Summary of your legal rights and options in this settlement:**

**Do Nothing and Receive Benefits of Settlement.** The Bank of New York filed claims on behalf of all Thaxton noteholders as of October 17, 2003 in the Thaxton bankruptcy cases in the U.S. Bankruptcy Court for the District of Delaware (Case Nos. 03-13182 (PJW) - 03-13213 (PJW)). The proposed settlement will make additional assets available in the Thaxton bankruptcy cases to satisfy claims. The settlement hopefully will also enable confirmation of a plan in the Thaxton bankruptcy cases for payment of claims.

**Object or Attend Hearing.** You may write the Court and ask to speak at a hearing concerning the fairness of the settlement or fees. You must first write the Court if you wish to speak, but you may write without speaking.

**Opt Out.** If you elect not to participate in the settlement, you may "opt out," which requires you to follow procedures described below. If you opt out, your rights may or may not be released, and you may not be able to take advantage of all of the benefits of the settlement, as described in Paragraphs 11 and 12 below. You may also cause other noteholders to lose the benefits of the settlement. Obtain and review the Master Settlement Agreement for more details.

**IF YOU ASSIGNED YOUR NOTE OR CLAIMS, BUT BELIEVE THAT YOU REMAIN ENTITLED TO SOME OR ALL OF THE BENEFITS OF THE SETTLEMENT, OR IF YOU HAVE SUCCEEDED TO THE RIGHTS OF A DECEASED NOTEHOLDER, PLEASE READ THE INFORMATION IN PARAGRAPHS 7, 8 and 12.D BELOW.**

---

## BASIC INFORMATION

### 1. Why was this Notice Issued?

The Court issued this Notice because you have a right to know about the certification of a Settlement Class and a proposed settlement of a lawsuit that the Court has preliminarily approved. This Notice summarizes the lawsuit, the certification of a Settlement Class, the settlement, your legal rights, the expected benefits of the settlement, who is eligible to receive them, and what your options are. This Notice is sent to you because you are listed as an unsecured creditor of Thaxton, as a holder of a Thaxton note as of October 17, 2003 and/or the date hereof, and/or as an assignee of rights or claims of such persons, and you may be eligible to receive the benefits of the settlement.

### 2. What is the lawsuit about?

The lawsuit concerns Thaxton, a South Carolina corporation. TGI and related entities sold subordinated notes to purchasers in South Carolina, Mississippi, North Carolina, Ohio, Georgia, and various other states, and it also had obligations to other investors on similar notes issued by Thaxton, its affiliates, or its predecessors. Thaxton filed for bankruptcy protection in October, 2003 and is unable to pay all of the claims of its creditors in full. In addition, because of litigation among creditors, Thaxton has been unable to collectively confirm a bankruptcy plan that would provide for it to make any payments to its creditors.

When Thaxton filed its bankruptcy cases in October 2003, FINOVA, which was Thaxton's lender, had an agreement with Thaxton that gave it the position of a senior secured creditor, meaning that FINOVA would get paid back in full out of Thaxton's assets before any other creditor would be paid. In contrast, the members of the Settlement Class held unsecured claims against TGI, mainly in the form of subordinated notes which contained terms indicating that they would only be paid after FINOVA was paid in full. In 2003, FINOVA's claims were about $110 million, and it now claims to be owed approximately $140 million, counting fees and interest. TGI has limited assets, and cannot pay in full both FINOVA and the members of the Settlement Class. If FINOVA's senior secured position is upheld by the courts, the members of the Settlement Class would probably receive less than half of what they are owed by TGI.

On October 16, 2003, Earl B. Gregory and various other noteholders, including the class representative John C. Tibbs, filed the present lawsuit, seeking damages from FINOVA and various other persons and entities due to Thaxton's default on its notes. The complaint alleged that Thaxton used illegal and deceptive practices in selling notes, and that FINOVA was responsible for those practices because of its alleged control of Thaxton. FINOVA denied these allegations and asserted that FINOVA's relationship with Thaxton was at all times a proper, arms-length relationship between lender and borrower.

The plaintiffs also sought certification as a class action. Because of the proposed settlement, the Court has determined that a class action is the superior method of handling this matter. In the event that the proposed settlement is not fully approved and implemented, however, the litigation will re-commence, and FINOVA will be able to contest the certification of any class. Class certification means that the lawsuit is now brought by one noteholder, John C. Tibbs, on behalf of himself and all similarly-situated persons, including all holders of subordinated notes of TGI and other unsatisfied unsecured obligations of TGI and its subsidiaries and predecessors.

Details of the claims in the lawsuit may be found at http://www.ThaxtonClassAction.com, a website maintained and operated by counsel for the plaintiffs.

### 3. Related Litigation

There has been other litigation arising out of the Thaxton bankruptcy cases. A recently-approved class settlement with Thaxton's lawyers and accountants was recently announced and you should have received notice of that several months ago. *The present settlement is in addition to that previous settlement and will bring additional benefits to the Settlement Class members.*

There were also actions on behalf of various individual plaintiffs. Those actions will be dismissed because the plaintiffs in those actions are included in the present settlement.

The Committee in the Thaxton bankruptcy cases also brought an "adversary proceeding" in bankruptcy court in Delaware, and that was later consolidated for pretrial proceedings with the litigation referred to above, in federal district court in Anderson, South Carolina. The proposed settlement calls for the adversary proceeding to be settled as well.

### 4. Why is this a class action?

In a class action, one or more individuals called class representatives sue on behalf of all those with similar claims. All

those with similar claims are called a "class" or "class members." One court resolves the issues for all class members. The class here includes approximately 5,000 members. The Court has found that treating this as a class action for settlement purposes is the superior method of dealing with the issues because it would be nearly impossible to negotiate individual settlements with each class member.

By order dated November ___, 2006, the United States District Court for the District of South Carolina certified a class, as follows:

Collectively: (1) each person or entity that purchased any Thaxton Note or other rights or claims arising from a Thaxton Note at any time from any person or entity, including, without limitation, any Note Sellers and any Claims Traders; and (2) each person or entity that, as of October 31, 2006 and/or the Effective Date, holds any other unsecured Claim against any of the Thaxton Debtor Parties.

The Court appointed Plaintiff John C. Tibbs as Class Representative/Lead Plaintiff. Gil Bagnell and the firm of Bagnell & Eason, LLC and Chad McGowan and the law firm of McGowan, Hood, Felder & Johnson were appointed as Lead Counsel.

## THE SETTLEMENT

### 5. Why is there a settlement in this case?

The Court has not decided in favor of either side in this class action. After extensive litigation involving the plaintiffs in this case and FINOVA, the parties elected to settle to avoid the uncertainties of trial, to avoid the substantial delays that ongoing litigation would entail, to avoid the continuing costs of litigation, to avoid the deadlock in the Thaxton bankruptcy cases caused by ongoing litigation, and to avoid the risk that any judgment against FINOVA may be uncollectible. Claims asserted in the lawsuit are only allegations, and at trial a jury may determine that the claims are supported by the evidence or that the evidence supports the defenses asserted by the defendants. With a settlement, the settling parties avoid the costs of a trial and the uncertain outcome of a trial. A settlement also avoids the delays and expense that might result from appeals.

The Settlement Class representative (John C. Tibbs) and class counsel appointed by the Court to represent the Settlement Class (see paragraph 16, below) believe the settlement with FINOVA is in the best interest of all Settlement Class members. The class representatives and attorneys recommend this proposed settlement because FINOVA has asserted significant defenses in opposition to the Plaintiffs' claims and because the settlement provides an immediate, certain outcome to the lawsuit.

As part of the settlement, FINOVA has agreed to release various liens against certain assets of Thaxton and to waive certain of its rights to be paid in full before the TGI noteholders are paid. The money made available thereby will be in addition to any assets otherwise available in the Thaxton bankruptcy cases to satisfy claims. In return, the Settlement Class members will release the claims that have been asserted against FINOVA and various related persons and entities.

### 6. How do I know if I am part of the settlement?

To simplify the settlement, class counsel has asked the Court to certify a class for purposes of the settlement only. As addressed at the outset of this Notice, the Settlement Class is defined as:

Collectively: (1) each person or entity that purchased any Thaxton Note or other rights or claims arising from a Thaxton Note at any time from any person or entity, including, without limitation, any Note Sellers and any Claims Traders; and (2) each person or entity that, as of October 31, 2006 and/or the Effective Date, holds any other unsecured Claim against any of the Thaxton Debtor Parties.

If you held a TGI subordinated note or a similar note issued by an affiliate or predecessor of Thaxton (such as Modern Finance), or if you have been assigned or otherwise have come to own any rights derived from such a note, or if you are otherwise an unsecured creditor of TGI, you are included in the Settlement Class (unless you opt out as set forth below). If you agreed to sell or assign your note or claims or rights relating to your note to a third party, then that third party may receive any payments in your place, depending on the terms of the agreement selling or assigning the claims or rights.

If you have been assigned any rights or claims from a person that held a Thaxton Note on October 17, 2003, you are included in the Settlement Class.

If you have received this Notice, then your name is included in the list of persons included in the settlement. If this was not addressed to you and you believe you should be included in the settlement, you can contact the attorneys below for further information.

**7. What if I sold or assigned my claims or rights?**

Where this Notice mentions "Settlement Class," it is understood that some of the Settlement Class members have assigned their notes, or claims and rights arising from their notes, and that the assignees may have the right to receive the benefits of the settlement in the place of the original note owner, as determined by the agreements providing for assignment of the claims or rights.

If you sold or assigned any claims or rights relating to a Thaxton Note, your rights to any payment from the settlement will be governed by the terms of the agreement by which you sold or assigned your Thaxton Note, claims or rights. The settlement does not affect any agreement you may have entered into with a third party to sell or assign your note, claims or rights.

If you sold or assigned your Thaxton Note or any claims or rights relating to the Thaxton Note, but you believe that you are still entitled to some or all of the proceeds of this settlement relating to the note that you sold, you may submit notice of your claim to those settlement proceeds. To do so, you must contact class counsel at the address shown below in paragraph 16 and request a "Note Seller Intent to Assert Claim Form". You must then complete that form and serve it on the persons listed on the form.

**8. What if the Noteholder has died?**

If the original noteholder has died, his rights may pass to his estate or to his heirs, according to state probate laws, the terms of the noteholder's will, and other factors. The noteholder's personal representative, executor, or heirs will need to consult their own attorneys to determine who has rights to the note at this time. That person should then notify TGI and class counsel (see paragraph 16, below) and advise them of the change of ownership. Before distribution is made on any claims, you should expect to receive more detailed instructions as to the information you will need to furnish the person charged with making the distribution.

**9. What does the Settlement Provide?**

The complete terms of the Settlement are contained in the Master Settlement Agreement, which has been filed with the Court as an attachment to the parties' Motion to Approve Settlement. It may also be viewed on the website maintained by counsel for the plaintiffs, www.ThaxtonClassAction.com. In that Agreement, the parties agreed to settle this litigation and related litigation by modifying FINOVA's claims in the Thaxton bankruptcy cases. The most important points in the settlement are as follows:

    a. FINOVA has agreed to release its liens on $16 million in cash currently being held by Thaxton, as well as certain interest earned on that money. These funds will now be made available to pay to the Settlement Class.

    b. FINOVA has agreed to release its liens on a group of companies owned by Thaxton known as Southern. When Southern is ultimately sold, the proceeds of the sale will be made available to the Settlement Class. Until Southern is sold, the Settlement Class will receive the benefit of Southern's earnings. Class counsel believes that Southern is operating profitably and owns various assets, including loan receivables of about $76 million and that, using one possible formula, the receivables show a resale value of about $79 million, assuming a sale under proper conditions. The cash that may be realized from Southern as a whole is not yet known.

FINOVA will be entitled to keep the remainder of the cash previously paid to it during the bankruptcy, about $81 million, plus interest. FINOVA's original claim was a secured claim of around $110 million. During the bankruptcy that claim grew to about $140 million, including interest and fees.

The description of the terms of the Master Settlement Agreement set forth in this Notice is intended only as a summary. For complete details regarding those terms, the reader should read the Master Settlement Agreement itself. The summary description of the terms of the Master Settlement Agreement contained in this Notice does not in any way supersede or modify those terms.

**10. What is the settlement with FINOVA worth, and what will members of the Settlement Class receive?**

Noteholders and other Thaxton creditors will receive the benefits of this settlement through the Thaxton bankruptcy cases, and because no bankruptcy plan incorporating the proposed settlement has been filed yet, this Notice can only provide a general description of the anticipated effects of the settlement on the bankruptcy cases. Class counsel expects that as a result of this settlement Thaxton will be able to confirm a bankruptcy plan in Delaware Bankruptcy Court. You should receive a Disclosure Statement in connection with any proposed plan within the next few months. Only that Disclosure Statement (not this Notice) can provide precise information concerning the nature of the plan that is ultimately proposed.

Although your recovery will depend in part on the Thaxton plan as it will be described in the Disclosure Statement, the settlement is part of a global settlement that calls for certain provisions to be included in the proposed Thaxton plan. The ultimate result will depend on a number of factors beyond the scope of the settlement, and the description is merely a good-faith estimate of the effects of this Settlement.

Persons knowledgeable about Thaxton estimate that if a plan is confirmed based on the settlement, Thaxton may be able to make a cash distribution of 20-25 % of the noteholders' claims in the near future, and total payments potentially in the range of 85% after Southern is liquidated.

The settlement has additional value to the Settlement Class, because FINOVA's concessions should simplify issues in the Thaxton bankruptcy cases and decrease the professional fees incurred in those bankruptcy cases. For the last three years, Thaxton has been unable to confirm a plan, largely because of litigation involving FINOVA. It is likely that this settlement will allow a plan to be confirmed in the near future.

The settlement in this case calls for FINOVA to confer a benefit on the Settlement Class by modifying its claims in the Thaxton bankruptcy cases. For that reason, the ultimate effects of the settlement will only be clear when Thaxton has confirmed and consummated a plan in the bankruptcy cases. The parties believe the settlement will allow a plan to be proposed shortly, and you should review the Disclosure Statement that Thaxton will issue in connection with its proposed plan to understand the ultimate effect of the settlement.

PURSUANT TO SECTION 1125 OF THE BANKRUPTCY CODE (28 U.S.C. §1125) NOTHING CONTAINED IN THIS NOTICE SHOULD BE CONSTRUED AS CONSTITUTING A SOLICITATION OF ACCEPTANCES OR REJECTIONS OF A BANKRUPTCY PLAN UNTIL SUCH TIME AS A DISCLOSURE STATEMENT HAS BEEN APPROVED BY THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE TO SOLICIT ACCEPTANCES OF SUCH PLAN. A DISCLOSURE STATEMENT HAS NOT BEEN APPROVED AS OF THE DATE OF THIS NOTICE.

Information concerning Thaxton's bankruptcy may be found at www.thaxton.creditornews.com, a site maintained by Moses & Singer, the law firm that has represented the Creditors' Committee in the Thaxton Bankruptcy, which is charged with representing the interests of Thaxton's unsecured creditors, including noteholders.

**11.  What claims am I releasing as a result of the settlement?**

When the settlement becomes final, if you do nothing you will receive the benefits of the settlement and you will be releasing FINOVA and various related persons, including associated companies and their officers, directors, partners, members, employees, and agents, (together, the "Releasees"), from all claims associated with this case (including all claims actually asserted and all claims that could have been asserted in this case) and you will be bound by the releases in the settlement agreements. Copies of the releases and other relevant materials may be found at the web site referred to above. Again, this paragraph only summarizes the releases to be provided as part of the Master Settlement Agreement, and does not in any way supersede or modify those terms. For complete detail, the reader is encouraged to read the Master Settlement Agreement itself.

Unless you ask to be excluded from the Settlement Class (see paragraphs 12 and 12.C below), you cannot sue, continue to sue, or be part of any lawsuit against FINOVA or the other Releasees released for the claims resolved by this lawsuit (claims relating to Thaxton notes). If you opt out, then you will not release the Releasees, but you will also not be able to participate in the benefits of the settlement (unless you fail to assert claims before the Subsequent Litigation Claims Bar Date, as defined in the Master Settlement Agreement, in which case you will be treated much the same as those people who do not opt out).

**12.  What are my options as a member of the Settlement Class?**

Your options as a member of the Settlement Class are as follows:

*A.    You May Do Nothing and Remain a Member of the Settlement Class*

If you wish to remain a member of the Settlement Class, you do not have to do anything. If you choose to take no action, you will be bound by the terms of the settlement, the settlement agreement between Plaintiffs and FINOVA and the other Defendants, and any final judgments that may be entered by the Court.

As a member of the Settlement Class, you will not be personally responsible for any attorneys' fees or litigation expenses. Any attorneys' fees and expenses of litigation as may be awarded by the Court to class counsel will be paid as discussed in Item 19 below.

**B.**    *You May Remain a Member of the Settlement Class and Represent Yourself or Hire Your Own Attorney to Represent You*

If you elect to remain a member of the Settlement Class, and you do not wish to be represented by the Settlement Class representative and class counsel, you may represent yourself and enter an appearance or hire an attorney to represent you. To enter an appearance, you or your attorney must file an Entry of Appearance with the Clerk of Court in Case No. 8:06-CV-1728-GRA at the United States District Court for the District of South Carolina, Anderson Division, at the address listed below, together with proof of service on the two law firms listed in Item 18 below. Such entry of appearance must be postmarked no later than _____, 2006. You will then continue as a member of the Settlement Class in person or with representation by your own attorney, and you will be personally responsible for the fees and costs of any attorney you hire in addition to your share of any fees and costs awarded by the Court to Class Counsel.

*With respect to Option A and Option B, you need not retain a filing service, or an attorney, or spend any funds to remain a member of the Settlement Class.*

Class Counsel has the responsibility for the administration of the settlement pursuant to the Agreement. There may be businesses or individuals, not approved by the Court, that advertise a service to file claims on behalf of members of the Settlement Class. You do not need to retain a claim filing service or hire an attorney. Since claims have already been filed by the Bank of New York on behalf of all noteholders, noteholders do not need to file a claim at this time.

**C.**    *You May Request Exclusion from the Settlement Class ("Opt Out")*

If you are a member of the Settlement Class, you may elect to exclude yourself from the Settlement Class. If you wish to exclude yourself from the Settlement Class, you must request exclusion in writing, including your name, address, telephone number, and signature, and send it to "Thaxton Securities Litigation, c/o Berdon Claims Administration, LLC, PO Box 9014, Jericho, NY 11753-8914" by mail, postmarked no later than _____ 2006. Please write "Settlement Class Exclusion Notice" on the lower left-hand corner of the front of the envelope in which you request exclusion. The date of the postmark on your envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted.

If you opt out of the Settlement Class, you will not be releasing the Defendants and you would be able to engage your own attorney and pursue litigation on your own against the Defendants (although applicable statutes of limitations may bar certain claims). However, if you do opt out, you will need to file any subsequent litigation by a bar date (deadline) to be established by the Bankruptcy Court. (See web site at www.ThaxtonClassAction.com for details.) If you fail to bring any subsequent litigation by that date, your claims will be barred and you will be deemed to provide the releases contained in the Master Settlement Agreement, thus entitling you to share in the benefits of the settlement but also barring you from asserting your claims independently. Even if you file any subsequent litigation by the bar date, your claim may be barred by other defenses available to the defendant. In addition, if you opt out you will be ineligible to participate in recovery from the Thaxton bankruptcy cases to the extent that recovery is enhanced by the settlement in this case, as determined by this Court and the Bankruptcy Court, and as provided by the terms of any Bankruptcy Plan that is approved.

It is possible that some creditors may wish to participate in the benefits of the settlement, but opt out and instead personally enter into a release with the Releasees rather than allowing the Court to enter such a release for them as part of the class settlement. Any creditors who choose to do so may obtain an Independent Release Form from class counsel, identified in paragraph 16 below, and follow the instructions for delivering that Release.

**D.**    *Note Seller Intent to Assert Claim Forms*

If you sold or assigned your Thaxton Note or any claims or rights arising from your Thaxton Note, but believe that you are still entitled to receive some or all of the settlement proceeds to be paid in connection with that Thaxton Note or those claims or rights, you must contact Class Counsel, identified below in paragraph 16, to obtain a Note Seller Intent to Assert Claim Form, and follow the procedure for timely and properly completing and serving that form. If you fail to obtain and properly complete and serve a Note Seller Intent To Assert Claim by December 12, 2006, your claims against certain persons and entities will be barred and released, and your rights will be otherwise affected. (This anticipated deadline is subject to modification by the Bankruptcy Court; check the website www.ThaxtonClassAction.com for any changes.) Please obtain and review a copy of the Master Settlement Agreement for more detailed information.

The above is only a summary of the basic terms of the proposed settlement. For the precise terms of the settlement, you are referred to the Master Settlement Agreement itself, which is on file with the Clerk of Court.

## RECOMMENDATION OF CLASS COUNSEL

### 13. Do Class Counsel recommend the settlement?

Class counsel recommend the proposed settlement. Class counsel believe that the proposed settlement is fair, adequate, and reasonable, and in the best interests of the Settlement Class members. This recommendation is based upon Class Counsel's assessment of the risks of litigation, and also takes into consideration the additional time that would be required to carry litigation through to completion.

Class counsel also recommend against opting out because they believe many noteholders are in urgent need of their money as soon as possible. If too many people opt out, they would further delay any recovery for those who in most urgent need of it.

## UPCOMING COURT HEARING

### 14. When and how will the Court decide whether to approve the settlement?

A settlement approval hearing will be held before the Honorable G. Ross Anderson, Jr. on _____, 2006 at 9:30 a.m. at the G. Ross Anderson, Jr. Federal Building and United States Courthouse, 315 South McDuffie Street, 2nd Floor, Anderson, SC 29624. The purpose of this hearing is to determine (a) whether the proposed settlement is fair, adequate and reasonable, (b) whether the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, and (c) what attorneys' fees and litigation expenses should be paid to class counsel from the settlement funds.

The time and date of the settlement approval hearing may be continued from time to time without further notice to the Settlement Class. You may attend the settlement approval hearing if you wish, but you are not required to do so in order to benefit from, and participate in, the settlement. Any Settlement Class member who has not requested exclusion from the Settlement Class may appear at the hearing in person or through an attorney for the purpose of opposing the settlement. In the event that a Settlement Class member believes the proposed settlement is not fair, adequate and/or reasonable, that Settlement Class member must file with the Clerk of Court for the District Court of South Carolina, Anderson Division, a notice of intention to appear, including a statement of the position to be asserted and the grounds therefore, together with any supporting papers or briefs. This notice must reference the case caption at the top of this Notice, and the notice, with any and all attachments, must be served upon class counsel identified below in paragraph 16. You will not be permitted to speak at the hearing unless you have first filed your notice with the Court.

If for any reason the Court does not enter a final Order that approves the settlement then the litigation may continue.

Keep in mind that even after this Court approves the settlement, it will require additional approvals from the Delaware Bankruptcy Court and other courts in order to become final. This Notice only deals with approval of the settlement by the South Carolina District Court, Anderson Division.

### 15. What about Thaxton Life Partners?

Some people purchased notes from both The Thaxton Group and Thaxton Life Partners. This settlement only involves Notes issued by The Thaxton Group. This settlement does not involve claims arising out of the purchase of Thaxton Life Partners notes.

## THE LAWYERS REPRESENTING YOU

### 16. Do I have a lawyer in this case?

The Court appointed the lawyers named below to represent the Settlement Class members in connection with this settlement. You do not need to contact these lawyers or to pay them for their work on behalf of the Settlement Class. You do not need to hire an attorney to receive the benefits of the settlement. If you desire to hire your own attorney, you may hire one at your own expense.

The attorneys representing the Settlement Class are the following:

**Gilbert Scott Bagnell**
**Randall M. Eason**
**BAGNELL & EASON, LLC**
**PO Box 2347**
**Lancaster, South Carolina 29721**

**Chad A. McGowan**
**S. Randall Hood**
**MCGOWAN, HOOD, FELDER & JOHNSON**
**1539 Healthcare Drive**
**Rock Hill, South Carolina**

You may find additional information at the website:    **www. ThaxtonClassAction.com**

You may also call toll-free for more information at:    **1-800-466-8660**

If you have additional questions about this lawsuit you may contact any of the above class counsel.

**17.  How will the lawyers be paid?**

Class counsel appearing will ask the Court for attorneys' fees and expenses based on a percentage of the benefit resulting from this settlement. Class Counsel will file with the Court their application for fees and expenses related to the settlement on or before November ___, 2006. Presently, class counsel has entered into negotiations with the Creditors' Committee in an effort to determine a fee structure that the Creditors' Committee (which represents the interests of the creditors in the Thaxton bankruptcy) deems fair and reasonable. Class counsel has been in litigation for approximately three years and have not yet received any compensation; in addition, the lawyers have advanced the costs of litigation, which are in excess of $700,000. Class counsel have proposed accepting a partial fee based on the earlier settlement with Thaxton's lawyers and accountants, and deferring additional fees until Settlement Class members have received at least 85% of their money back. If you wish to object to the application for attorneys' fees and expenses, you must do so in writing to the Clerk of Court by _____, 2006, and send a copy to each of the two law firms identified in Item 16.

**FOR ADDITIONAL INFORMATION**

**18.  Is there additional information available on the Internet?**

If you have additional questions, you can call the class counsel at (toll-free) 1-800-466-8660. The website at http://www.ThaxtonClassAction.com is maintained by class counsel and contains information that may be helpful to you. You can also write class counsel at the addresses provided in Item 16 if you have questions.

**19.  Where and how can I view court documents?**

Court documents are available for public inspection during regular business hours in the office of the Clerk of Court at the Clement F. Haynesworth Federal Building, 300 East Washington Street, Greenville, SC 29601. This is not the location of the hearing referenced in Item 13 above. Neither the clerk's office nor the Court can discuss the lawsuit with you or give you legal advice. Other than appearing in person to view court documents, or writing the clerk to file a formal document of your own, please do not contact the Court or the clerk.

Dated: November ___, 2006               Signed: /s/ Hon. G. Ross Anderson, Jr.
                                            United States District Court Judge

**EXHIBIT 2**
**FORM OF INDEPENDENT RELEASE**


**INDEPENDENT RELEASE**

Capitalized terms used but not defined in this Independent Release shall have the meanings set forth in the Master Settlement attached hereto as Exhibit A, which is hereby incorporated by reference.

For good and valuable consideration, the receipt of which is hereby acknowledged, as of the Effective Date, _____ ("Creditor"), subject in all cases to the provisions of the Master Settlement Agreement (including, without limitation, Sections V and VI thereof), irrevocably releases and forever discharges, and grants a covenant not to sue in favor of, the Released Defendants from all Thaxton-Related Claims.



_____
Creditor


Dated: _____, 2006



3756.044

**EXHIBIT 3**
**FORM OF NOTE SELLER NOTICE OF INTENT TO ASSERT CLAIM FORM**

**NOTE SELLER NOTICE OF INTENT TO ASSERT CLAIM FORM**

Name of Note Seller:_____

Date of Original Purchase
of Note by Note Seller:_____

Face Amount of Note:_____

Note/Account Number:_____

Date of Sale/Assignment of Note:_____

Name of Purchaser/Assignee of Note:_____

I hereby assert a claim to some or all of the distribution to be paid to the person or entity to whom I/my company (circle one) sold the above-described note.

_____
Signature

## UNITED STATES DISTRICT COURT
### DISTRICT OF SOUTH CAROLINA, ANDERSON DIVISION

| | |
|---|---|
| In re: The Thaxton Group, Inc.<br>Securities Litigation | Case No.: 8:04-2612-13 |

### SUMMARY NOTICE OF PARTIAL SETTLEMENT, PROPOSED
### CERTIFICATION OF SETTLEMENT CLASS, AND NOTICE OF HEARING

**TO:**    Collectively:  (1) each person or entity that purchased any Thaxton Note or other rights or claims arising from a Thaxton Note at any time from any person or entity, including, without limitation, any Note Sellers and any Claims Traders; and  (2) each person or entity that, as of October 31, 2006 and/or the Effective Date, holds any other unsecured Claim against any of the Thaxton Debtor Parties. This class will be referred to throughout this notice as the "Settlement Class."  (A complete copy of the Master Settlement Agreement can be viewed on the website www.ThaxtonClassAction.com )(Capitalized terms used but not defined herein have the meanings set forth in the Master Settlement Agreement.)

Litigation is currently pending in the United States District Court for the District of South Carolina concerning The Thaxton Group, Inc. ("TGI") and its subsidiaries (with TGI, "Thaxton") and their subordinated note program. The plaintiffs have agreed to settle with defendant FINOVA Capital Corporation and the Court has certified a class for purposes of carrying out the proposed settlement.

This proposed settlement calls for FINOVA to release its claims and liens on certain of Thaxton's assets, and it will allow Thaxton to move forward to propose a bankruptcy plan to pay claims. This settlement is in addition to previously-announced settlements with other defendants. The Court has granted preliminary approval of this settlement and certification of the Settlement Class but still has to decide whether to grant final approval.  This Notice contains a very brief summary of the terms of the settlement and does not in any way supersede or modify the terms of the Master Settlement Agreement. For complete detail regarding the settlement, please review the Master Settlement Agreement, available at the website address identified above.

If you are a member of the Settlement Class, you are subject to the terms and conditions of the settlement:

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure, that the Court will hold a hearing on _____, 2007, at 9:30 a.m., at the G. Ross Anderson, Jr. Federal Building and United States Courthouse, 315 South McDuffe Street, 2nd Floor, Anderson, SC 29624. The purpose of this hearing is to determine whether the proposed settlement of the class action should be approved by the Court as fair, reasonable, and adequate, whether the requirements of Rule 23 of the Federal Rules of Civil Procedure have been satisfied as to the Settlement Class, and whether the applications for awards of attorneys' fees and reimbursement for expenses should be approved.



IF YOU EVER PURCHASED OR YOU CURRENTLY HOLD A THAXTON SUBORDINATED NOTE, ANY RIGHTS OR CLAIMS ARISING FROM A THAXTON NOTE, OR ARE A THAXTON CREDITOR, YOUR RIGHTS MAY BE AFFECTED AND YOU MAY BE ENTITLED TO MONEY OR BENEFITS.

If you have not yet received and do not in the future receive in the mail the full "Notice of Settlement, Proposed Certification of Settlement Class, and Notice of Hearing," which describes in detail the settlement and your rights thereunder, you may obtain copies thereof by contacting Thaxton Securities Litigation by mail at: c/o Berdon Claims Administration, P.O. Box 8914, Jericho, NY 11753-8914; by phone at: 1-800-766-3330; by fax at: 1-516-931 -0810; or by visiting the website www.berdonllp. com/claims.

You may get more information by calling toll-free 1-800-466-8660. You may also obtain information online at the website http://www.ThaxtonClassAction.com.

All members of the Settlement Class will be bound by the Court's judgment on the proposed settlement, and the releases contained in the settlement agreement, unless they request exclusion in writing postmarked by _____ 2006, and/or take other actions as set forth in the full Notice.

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE FOR INFORMATION.

Dated: November __, 2006        District Court District of South Carolina Anderson Division

### AGREEMENT

This Agreement is made between the law firms Bagnell & Eason, LLC and McGowan Hood Felder & Johnson, LLC, attorneys for the class action plaintiffs asserting the rights of Thaxton noteholders and other creditors of Thaxton Group, Inc and its subsidiaries (the "Class Attorneys") and the Official Committee of Unsecured Creditors of The Thaxton Group, Inc. and its Subsidiaries ("CUC"), on behalf of the unsecured creditors of Thaxton, by its attorneys.

Whereas, the Class Attorneys were hired pursuant to contingency fee agreements to pursue actions on behalf of certain noteholders individually and on behalf of the class of all noteholders and other creditors of Thaxton;

Whereas, the Class Attorneys reached settlements with Thaxton lawyers and accountants that have resulted in a payment of $9.35 million for the class of all noteholders;

Whereas, the Class Attorneys participated in a settlement with Finova that was a global one, that resulted in part from the efforts of the Class Attorneys and in part from the independent litigation brought by the CUC, such that it would be impossible to assign a definitive percentage to the contributions of the respective plaintiff parties in bringing about the settlement with Finova;

Whereas, as a result of the global settlement with Finova the noteholders will benefit by approximately $60.0 million in additional assets being available for distribution to unsecured creditors, as well as expediting the process of confirming a plan and reducing attendant costs of administration (the precise value of which is difficult to estimate);

Whereas, the Class Attorneys have pursued the above litigation since October 16, 2003, the day before Thaxton's bankruptcy, in the United States District Court for the District of South Carolina (the "South Carolina District Court"), and the litigation has included numerous different elements, including the following: 1) filing and pursuing the Gregory, Shope, Hall, Moore, and Wood class actions, 2) filing an action against Thaxton and certain other defendants; 3) dealing with the removal and MDL transfer of the above cases; 4) defending three separate adversary proceedings in United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court") seeking to enjoin the litigation; 5) filing a class proof of claim; 6) filing a motion to enjoin claims trading based on possible insider information; 7) monitoring the Thaxton and Thaxton Life Partners bankruptcies; 8) defending the appeals of class certification; 9) defending the injunction action brought by Finova in the adversary proceeding, and participating in the appeal of that matter; 10) after decertification of the Finova class action, contacting numerous noteholders an a variety of ways in order to mount a "mass action" against Finova, initially with approximately 1590 individual plaintiffs, with several hundred more having signed up to be added to that action; and 11) doing the things necessary to pursue the above litigation, including participation in approximately 95 deposition, maintaining a website to provide information to noteholders, and maintaining telephone contact with numerous noteholders;

Whereas, given the joint efforts of the CUC and the Class Attorneys in achieving the settlement with Finova, the Class Attorneys fee award could be based on the settlement in the

1

549676v4 009210.0260



case against the professionals ($9.35 million) plus half of the positive recovery in the Finova case ($60.0 million), or a total benefit to the noteholders and Thaxton creditors of $ 39.35 million). The Class Attorneys believe that given the extensive litigation involved, a fee award of 30%, would not be inappropriate, for a total fee to the Class Attorneys of $11.81 million, plus costs.

Whereas, accrued costs advanced by the Class Attorneys have been approximately $750,000, and may approach $800,000 based upon the costs involved in noticing the pending class settlement;

Whereas, the Class Attorneys have not yet been paid for any of their work in connection with the Thaxton case;

Whereas the CUC has requested, on behalf of the noteholders and other Thaxton creditors, that the Class Attorneys consider entering into a structure for payment of their fees to enable the noteholders to receive a greater cash payout in the near future and to transfer a portion of the risk of Thaxton's reorganization to the Class Attorneys, and the Class Attorneys are willing to do that in exchange for the agreement of the CUC not to object to their fee application and an enhancement of their total recovery if the Thaxton reorganization proves to be more successful than presently expected; and

Whereas, the CUC and the Class Attorneys recognize that the sole authority for awarding attorneys fees in a class action rests with the South Carolina District Court, and the Delaware Bankruptcy Court to the extent fees are being paid by the Debtors from property of the estates, but that the South Carolina District Court and the Delaware Bankruptcy Court may take into account the agreement between class counsel and class members, and may also take into account comments from other interested parties, including the CUC.

NOW THEREFORE, in consideration of their mutual covenants and other good and valuable consideration, the legal sufficiency of which is hereby acknowledged, the parties agree as follows:

1. The Class Attorneys shall ask the South Carolina District Court to award attorneys' fees and costs, based upon: a) their total disbursements in the various cases mentioned above; b) their recovery of $9.35 million for the noteholders in the settlements with Thaxton's lawyers and accountants; and c) their role in achieving a settlement with Finova whereby Finova is to give up its claims to approximately $60.0 million in assets, which Thaxton will use to pay claims, as well as the beneficial effect of the settlement from the standpoint of ending litigation and allowing Thaxton to propose a confirmable plan of reorganization. The Class Attorneys will inform the South Carolina District Court that they believe the settlement with Finova was the result of the joint efforts of the CUC in the adversary proceeding and the Class Attorneys in the various actions they pursued.

2. The Class Attorneys shall advise the South Carolina District Court that at the request of the CUC they have agreed that, regardless of the amount of fees and expenses the South Carolina District Court approves, they shall limit and structure their fees and expenses, in order

2
549676v4  009210.0260

to better assure as full a recovery as possible on the part of the noteholders, such that any fees and expenses awarded by the South Carolina District Court shall be paid only as follows:

> a. The Class Attorneys will turnover to The Thaxton Group, Debtors and release all liens on or claims to any settlement payments, benefits, or claims for attorneys fees that may attach to the settlement proceeds in excess of $4 million in fees and $350,000 in expenses, regardless of the actual fees and expenses ordered by the court;

> b. The Class Attorneys shall receive an Expense Claim not to exceed $350,000, under the Plan of Reorganization of the Debtors to be paid at the time of the earliest payment of claims to the Thaxton unsecured creditors equal to the balance of the actual costs and disbursements of the Class Attorneys in connection with the Thaxton matter, to the extent those costs and disbursements have not been satisfied by the $350,000 payment referred to above.

> c. Any remainder of fees and expenses awarded by the South Carolina District Court shall be paid only as follows:

>> (i)    The Class Attorneys shall have a Settlement Claim under the Plan of Reorganization of the Debtors in an amount not to exceed $8,000,000;

>> (ii)    The Settlement Claim up to the cap of $8,000,000 shall be paid from 50% of the cash available for distribution to unsecured creditors, but only after such time as unsecured creditors have received cash payments totaling $109 million in the aggregate from the Thaxton Group (including funds from the settlements). At such time as the Settlement Claim becomes payable, it shall be paid *pari passu* with unsecured creditors.

3. If the Delaware Bankruptcy Court declines to approve this agreement, the Class Attorneys' obligation under paragraph 2(a) to release liens shall become null and void and the Class Attorneys shall be entitled to be paid any awarded fees and expenses from the settlement proceeds prior to distribution of any settlement proceeds in an amount to be agreed to by the parties to this agreement. In no event, however, are the Class Attorneys entitled to assert claims against the monies being paid to FINOVA under Section II.A of the Master Settlement Agreement.

**MOSES & SINGER LLP**

By: _____
        Alan Kolod, Esq.

The Chrysler Building
405 Lexington Avenue
12ᵗʰ Floor
New York, New York  10174-1299

*Attorneys for Official Committee of Unsecured Creditors of*
*The Thaxton Group, Inc. and its Subsidiaries*

**BAGNELL & EASON, LLC**

By: _____
      Gilbert Scott Bagnell, Esq.

1201 Main Street, Suite 1980
Columbia, SC 20201

          And

**McGOWAN, HOOD, FELDER & JOHNSON, LLC**

By: _____
      Chad McGowan

1539 Health Care Drive
Rock Hill, SC 29732

*Attorneys for the Class Action Plaintiffs asserting the rights of
Thaxton noteholders and other creditor of Thaxton Group,
Inc. and its Subsidiaries*

4

## EXHIBIT 6
## LIST OF NAMED PLAINTIFFS

Earle B. Gregory
John C. Tibbs
John A. Tibbs
Gina Tibbs
Ken Blinko
Federal Services, Inc.
Sulina Prather
Vicki Granger
Kathryn Roddy
Laverne McKenzie
Marianne McKinzie
Ken Blinko
John Halsall
Rebecca Halsall
Loyal Wesley Williams
Gerald Watts
Brenda Watts
C. Ann Williams
Henry Williams
Ethel Graves
Nathan J. Neely
Zevie H. Neely
Betty Coley
Jerry McDaniel
Veronica McDaniel
Thomas Moore
Anna Nunnery
Grant Hall
Ruth Ann Hall
Sam Jones Wood
Kathy Annette Wood
Charles Shope
Penelope Shope
Phyllis Loftis, as Personal Representative of the Estate of Earle Gregory

## SCHEDULE 1
## SETTLEMENT SCHEDULE

| Order | Date | Task |
|---|---|---|
| 1. | 10/31/06 | Execute Settlement Agreement |
| 2. | 11/2/06 | File request for class certification in Gregory Putative Class Action, request to approve settlement, Class Notice and Short Form Class Notice, and request for indication of willingness to vacate Summary Judgment Order (South Carolina) |
| 3. | 11/3/06 | Hearing/obtain order re: certifying class, preliminarily approving settlement and approving Class Notice and Short Form Class Notice, setting hearing for final approval of settlement, and agreeing to consider vacating Summary Judgment Order (South Carolina) |
| 4. | 11/7/06 | File request for limited remand (Fourth Circuit) |
| 5. | 11/7/06 | File Fed. R. Bankr. P. 9019 request and request to establish Note Seller Notice Date and Subsequent Litigation Claims Bar Date in Thaxton's cases (Delaware Bankruptcy Court) |
| 6. | 11/8/06 | Mail out Class Notice |
| 7. | 11/10/06 | File request to approve settlement under Fed. R. Bankr. P. 9019 in FINOVA's case (Delaware Bankruptcy Court) |
| 8. | 11/19/06– 11/20/06 and 12/3/06– 12/4/06 | Publish Short Form Class Notice |
| 9. | 11/30/06 | Hearing/obtain order on request to approve settlement under Fed. R. Bankr. P. 9019 and obtain Note Seller Notice Date and Subsequent Litigation Claims Bar Date in Thaxton's cases (Delaware Bankruptcy Court) |
| 10. | 12/4/06 | Hearing/obtain order approving settlement under Fed. R. Bankr. P. 9019 in FINOVA's case (Delaware Bankruptcy Court) |
| 11. | 12/12/06 | Note Seller Notice Date and Objection Date |
| 12. | 12/14/06 | Opt Out Date and Independent Release Date |

| Order | Date | Task |
|-------|------|------|
| 13. | 12/21/06 | Deadline for FINOVA to terminate for excessive opt outs |
| 14. | 12/22/06 | Mail Notice Of Disclosure Statement Hearing |
| 15. | Mid-1/07 Omnibus | Disclosure Statement Hearing; Disclosure Statement, Plan and ballots to be mailed as soon as practicable thereafter (Delaware Bankruptcy Court) |
| 16. | Late 1/07 | Hearing/orders finally approving settlement and vacating, after remand, Summary Judgment Order as of Effective Date of Plan (South Carolina) |
| 17. | Late 1/07 | Entry of Dismissal Orders and Society Dismissal Order with prejudice as of Effective Date of Plan (Various) |
| 18. | 7 Business Days prior to 2/07 Omnibus | Ballot deadline for Plan Subsequent Litigation Claims Bar Date |
| 19. | Mid-2/07 Omnibus | Confirmation Hearing on Plan (Delaware Bankruptcy Court) |
| 20. | End-2/07 | Effective Date of Plan |